[946 NE2d 717, 921 NYS2d 619]

ARTHUR GOLDENBERG, Appellant, v WESTCHESTER COUNTY HEALTH CARE CORPORATION, Also Known as WESTCHESTER COUNTY MEDICAL CENTER, et al., Respondents.

Argued February 15, 2011; decided March 24, 2011

324

### POINTS OF COUNSEL

*La Sorsa & Beneventano*, White Plains (*Gregory M. La Sorsa* of counsel), for appellant. I. The lower court erred in finding that there was a complete failure to file a summons and complaint. (*Page v Marusich*, 30 AD3d 871; *Louden v Rockefeller Ctr. N.*, 249 AD2d 25; *Shivers v International Serv. Sys.*, 220 AD2d 357; *Benton v Kreitzer*, 7 AD3d 554; *Republic Ins. Co. v Northern Aire Dev.*, 94 AD2d 764; *Piffath v Esposito*, 58 AD2d 577; *Rochester Poster Adv. Co. v Town of Penfield*, 51 AD2d 870; *Rybka v New York City Health & Hosps. Corp.*, 263 AD2d 403; *Daly v 26-28 Mkt. St., Inc.*, 21 AD3d 853.) II. Plaintiff's reliance on the 2007 amendment to CPLR 2001 was appropriate. Therefore, the court erred in denying plaintiff's application to file the summons and complain nunc pro tunc. (*Sangiacomo v*

*County of Albany,* 302 AD2d 769; *Matter of Mendon Ponds Neighborhood Assn. v Dehm,* 98 NY2d 745; *Matter of Miller v Waters,* 51 AD3d 113.) III. Defendants waived the commencement defect defense by not specifically raising it in either of their answers and in failing to move within 60 days. (*John M. Horvath, D.C., P.C. v Progressive Cas. Ins. Co.,* 24 Misc 3d 194; *Federici v Metropolis Night Club, Inc.,* 48 AD3d 741; *Page v Marusich,* 30 AD3d 871; *Sirkis v Cohen,* 23 AD3d 369; *Dimond v Verdon,* 5 AD3d 718; *Matter of United Servs. Auto. Assn. v Kungel,* 72 AD3d 517.)

*Wilson Elser Moskowitz Edelman & Dicker LLP,* White Plains (*Richard E. Lerner* and *Faisal A. Kahn* of counsel), for respondents. I. The Second Department did not misconstrue CPLR 2001 or the case law interpreting the provision. (*Matter of Miller v Waters,* 51 AD3d 113; *Sangiacomo v County of Albany,* 302 AD2d 769; *Parker v Mack,* 61 NY2d 114; *Matter of Mendon Ponds Neighborhood Assn. v Dehm,* 98 NY2d 745.) II. The Second Department did not misconstrue the filing statutes or the case law interpreting those provisions. (*Matter of Mendon Ponds Neighborhood Assn. v Dehm,* 98 NY2d 745; *Rybka v New York City Health & Hosps. Corp.,* 263 AD2d 403; *Page v Marusich,* 30 AD3d 871; *Louden v Rockefeller Ctr. N.,* 249 AD2d 25; *Mohammed v Elassal,* 226 AD2d 509; *Bradley v St. Clare's Hosp.,* 232 AD2d 814; *Cinqumani v County of Nassau,* 28 AD3d 699; *Giblin v Nassau County Med. Ctr.,* 61 NY2d 67.) III. The Second Department appropriately concluded that defendant raised timely objections to plaintiff's commencement errors and the untimeliness of the attempted action. (*John M. Horvath, D.C., P.C. v Progressive Cas. Ins. Co.,* 24 Misc 3d 194.)

## OPINION OF THE COURT

READ, J.

On May 25, 2007, plaintiff Arthur Goldenberg commenced a special proceeding to file a late notice of claim for medical malpractice against defendant Westchester County Health Care Corporation (WCHCC). Goldenberg attached a copy of a proposed complaint to the petition as an exhibit. On September 25, 2007, Supreme Court granted the petition and directed Goldenberg to serve a notice of claim within 20 days.

On October 9, 2007, Goldenberg served WCHCC with a notice of claim as well as a summons and complaint, both without an index number. On October 11, 2007, Goldenberg filed affidavits of service with the Chief Clerk of the Westchester Supreme and

County Courts; these affidavits displayed the index number for the special proceeding. The served complaint differed in two respects from the proposed complaint: a cause of action for lack of informed consent was added, and continuous treatment from January 2006 through July 5, 2006 was alleged.[1] In short, Goldenberg did not purchase an index number and file a summons and complaint with the County Clerk to commence the lawsuit before serving WCHCC, as he should have (*see* CPLR 304, 305, 306-a, 306-b; *see also Matter of Mendon Ponds Neighborhood Assn. v Dehm*, 98 NY2d 745 [2002]).[2]

WCHCC responded with an answer and amended answer dated October 24 and November 1, 2007, respectively. The statute of limitations was raised as an affirmative defense in both pleadings; failure to obtain personal jurisdiction was included as an additional affirmative defense in the amended answer. The parties do not dispute that the one-year-and-90-day statute of limitations applicable to this malpractice action expired at the latest on February 5, 2008, after tolling for the period Goldenberg's petition to file a late notice of claim was pending (*see* Public Authorities Law § 3316 [1]; *Giblin v Nassau County Med. Ctr.*, 61 NY2d 67 [1984]).

On February 26, 2008, three weeks after the statute of limitations lapsed, WCHCC moved to dismiss Goldenberg's lawsuit as untimely, using an index number secured for purposes of making the motion. Goldenberg cross-moved for an order permitting him to file a summons and complaint nunc pro tunc and adopting the index number affixed to the motion, for which he pledged to reimburse WCHCC.

On September 29, 2008, Supreme Court granted WCHCC's motion, and denied Goldenberg's cross motion. The judge opined that the proposed complaint proffered in the special proceeding was not "the functional equivalent of a filing" as urged by Goldenberg. First, the proposed complaint did not "materially conform" to the complaint served on WCHCC in light of the differences between the two; second, under CPLR 304 a "filing" that commences an action requires a summons. Supreme Court further concluded that CPLR 2001 did not relieve Goldenberg's

1. The proposed complaint did not specify the date on which Goldenberg's treatment ended.

2. After our decision in *Mendon Ponds*, the Legislature amended the CPLR to make it more obvious that the "clerk" with whom civil papers commencing an action or special proceeding must be filed is the County Clerk in the county where the matter is to be tried (*see* L 2007, ch 125).

plight. Quoting the Practice Commentaries, the judge noted that the 2007 revision of CPLR 2001 did "not excuse a complete failure to file within the statute of limitations," and was meant to address mistakes in the "method" of filing, not mistakes in "what" was filed (*see* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C304:3, at 25). Goldenberg appealed.

On December 22, 2009, the Appellate Division affirmed, principally on the ground that the complaint actually served in the action "dramatically differed, substantively and materially, from the proposed complaint which the plaintiff filed in the prior proceeding" (68 AD3d 1056, 1057 [2d Dept 2009]). On May 4, 2010, we granted Goldenberg leave to appeal (14 NY3d 709 [2010]). We now affirm.

■ ■ As an initial matter, WCHCC did not waive its objection to Goldenberg's filing error. WCHCC timely interposed affirmative defenses of lack of personal jurisdiction and expiration of the statute of limitations in its amended answer (*see Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155 [2006] [commencement infirmity not waived where defendant timely protested in pre-answer motion to dismiss]; *see also* Siegel, NY Prac § 63, at 94 [4th ed 2005]). These affirmative defenses are properly raised in either an answer or a pre-answer motion to dismiss (*see* CPLR 3211 [e]). And because its jurisdictional objection was not to improper service, WCHCC was not, as Goldenberg also argues, required to move to dismiss within 60 days of service of its answer (*see id.*; *see also* Siegel, NY Prac § 111, at 201). As a result, the outcome in this appeal turns on whether CPLR 2001, as amended in 2007, vests Supreme Court with discretion to forgive the particular kind of mistake made by Goldenberg. We conclude that it does not.

The bill that amended CPLR 2001 was introduced at the request of the Chief Administrative Judge upon the recommendation of the Advisory Committee on Civil Practice. Its purpose was to allow trial courts to fix or, where nonprejudicial, overlook defects in the filing process, including the failure to acquire or purchase an index number, so long as the applicable fees were eventually paid (*see* L 2007, ch 529). The introducer's memorandum states that the bill was offered in response to our decisions in *Matter of Fry v Village of Tarrytown* (89 NY2d 714 [1997]) and *Matter of Gershel v Porr* (89 NY2d 327 [1996]) (*see* Senate Introducer's Mem in Support, Bill Jacket, L 2007, ch 529, at 5). *Gershel* and *Harris* both involved failure to pay the

proper filing fee; in *Fry*, the petitioner did not file a signed copy of an order to show cause along with his petition.[3] In each of these cases the correct initiatory papers were filed. As the introducer's memorandum emphasizes, the amendments to section 2001 were not meant to

> "excuse a complete failure to file within the statute of limitations. Moreover, in order to properly commence an action, a plaintiff or petitioner would still have to *actually file a summons and complaint or a petition. A bare summons, for example, would not constitute a filing.* The purpose of this measure is to clarify that a mistake in the method of filing, AS OPPOSED TO A MISTAKE IN WHAT IS FILED, is a mistake subject to correction in the court's discretion" (*id.* at 5-6 [capitalization in original; emphasis added]).

Here, plaintiff never filed a summons and complaint. The closest he came was the proposed complaint attached to the petition he filed when seeking permission to file a late notice of claim, itself a prerequisite to the commencement of this action. Given the absence of a summons, there was "a complete failure to file within the statute of limitations," which CPLR 2001 does not allow a trial judge to disregard.[4]

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge Lippman and Judges Ciparick, Graffeo, Smith, Pigott and Jones concur.

Order affirmed with costs.

---

**3.** When the commencement-by-filing system was first adopted, the filing of a petition in a special proceeding had to be accompanied by a notice of petition or an order to show cause. Because notices of petition and orders to show cause must include return dates (CPLR 403), which were not readily acquired before the petition was filed, this created a logistical problem. As a result, the Legislature amended the CPLR to provide for commencement of a special proceeding by the filing of a petition alone (*see* L 2001, ch 473).

**4.** Because of our disposition of this appeal, we do not address whether the trial judge would have possessed discretion under CPLR 2001 to make allowances for or ignore the differences between the proposed and served complaints if a summons had, in fact, been filed.