OPINION OF THE COURT
Dillon, J.
I. Introduction
The State of New York has moved toward the electronic filing *236 (hereinafter e-filing) of court documents in the Supreme Court (see 22 NYCRR 202.5-b, 202.5-bb). Perhaps not unexpectedly, there are glitches associated with the initiation of the new e-filing system. This appeal addresses the extent to which courts may utilize CPLR 2001 to remedy defects in the e-filing of summonses, summonses with notice, and complaints, when the defect results in a statute of limitations problem for the filing party.
II. Relevant Facts
On May 30, 2008, the plaintiff allegedly was injured when the vehicle he was operating on South Broadway in Tarrytown was struck by a vehicle owned and operated by James Cecere (hereinafter the decedent), who died after the commencement of this action. The accident allegedly occurred when the decedent’s vehicle crossed over a double yellow traffic line into the plaintiffs lane of travel. Over IV2 years after the accident, the plaintiff retained the services of legal counsel by a written retainer agreement dated January 29, 2010. Efforts to settle the matter without litigation proved fruitless because the decedent’s insurance carrier took a consistent “no pay” position based on its belief that the accident had occurred because the decedent suffered an unforeseen medical condition.
On April I, 2011, the plaintiffs counsel prepared a summons with notice and a verified complaint identifying Westchester County as the venue of the anticipated action. On April 19, 2011, the plaintiffs counsel wrote a check against its operating account in the amount of $210 to satisfy the filing fees that would need to be paid upon the filing of the initiatory documents with the Westchester County Clerk. On April 25, 2011, the plaintiffs counsel transmitted correspondence to Gotham Process Service, Inc. (hereinafter Gotham), enclosing an original and two copies of the plaintiffs summons with notice and verified complaint and the $210 check for Gotham’s purchase of an index number, for the filing and service of the summons and complaint. However, Gotham was unable to purchase an index number and file the summons and complaint, as e-filing had become mandatory in the County as of March 1, 2011, approximately eight weeks earlier. The plaintiffs counsel, whose law offices were located in Manhattan and New Jersey, learned of the County’s e-filing requirement from Gotham on May 2, 2011.
On May 4, 2011, the plaintiffs counsel established a temporary e-filing user account. An email message from Efile@ *237 courts.state.ny.us confirmed counsel’s user ID and password for the account and a subsequent change of the password. Counsel received a separate email message the same day from DOTSecurity@courts.state.ny.us welcoming counsel to the New York State Courts Electronic Filing System (hereinafter NYSCEF). The plaintiffs counsel, using what it believed to be a valid and operational e-filing account, then electronically purchased an index number using credit card information and “filed” the summons and complaint. The filing was confirmed in an email message from the court on May 4, 2011, at 12:33 p.m. Specifically, the email message contained the word “confirmation” in large bold typeface and further stated that “[t]he NYSCEF web site has received document(s) from the filing user . . . for case/claim number not assigned,” and instructed counsel to “[pjlease print this as a confirmation of your filing(s).” The filed documents were specifically identified in the confirmatory email message as a “summons [and] complaint” for an action captioned “Vinko Grskovic v James Cecere.” At that juncture, the plaintiffs counsel believed that the action had been properly commenced by an e-filing, 26 days prior to the expiration of the applicable three-year statute of limitations.
Despite the presumed e-filing, the plaintiffs counsel was never provided with an index number for the action. In the days that followed, the plaintiffs counsel’s case manager called the Westchester County Clerk’s office to obtain the index number, but was told on each occasion that the initiatory documents “did not get to their office yet.” On June 2, 2011, three days after the expiration of the statute of limitations, the case manager transmitted electronic correspondence to EFilenycourts.gov explaining that she was having difficulty logging into the plaintiffs counsel’s e-filing account and was unable to ascertain the action’s index number. According to the case manager’s email message, a telephone call to the County Clerk’s office revealed that there was no record of the e-filing for the plaintiff s action. Upon further investigation, the NYSCEF office learned and advised that the e-filing of May 4, 2011, had been within NYSCEF’s “practice/training” system and not in its “live” system and, therefore, the plaintiffs summons and complaint were never actually filed. Until then, the plaintiffs counsel’s staff did not understand that the temporary user ID and password that had been obtained in early May were for the sole purpose of practice and training.
*238 On June 8, 2011, the plaintiff moved pursuant to CPLR 2001 to deem the summons and complaint filed on May 4, 2011, nunc pro tunc. The motion was supported by an attorney’s affirmation, the plaintiff’s affidavit, an affidavit of the plaintiff’s counsel’s case manager, and documentation verifying all aspects of the foregoing rendition of facts. In essence, the plaintiff argued that the relevant email exchanges and confirmations led his counsel to believe that the action had been properly and timely commenced through the newly-mandated e-filing system, that his counsel’s office had acted with diligence, and that the defendant would suffer no prejudice from the nunc pro tunc recognition of the e-filing of the summons and complaint.
The defendant opposed the requested relief and argued that the controlling three-year statute of limitations had expired without any proper filing of the summons and complaint. The defendant also argued that the plaintiffs counsel had not acted diligently, as approximately one month had elapsed from the purported e-filing of the documents until the plaintiffs counsel learned the reason why no index number was ever received.
In the order appealed from, the Supreme Court denied the plaintiff’s motion. The Supreme Court reasoned that CPLR 2001, which authorizes forgiveness of mistakes, omissions, defects, or irregularities in the filing of initiatory papers, was unavailable to the plaintiff since the failure to timely interpose the plaintiffs claim was “more than a mere technical infirmity” and was a “nonwaivable jurisdictional defect” (2011 NY Slip Op 33727[U], *3 [2011]). The Supreme Court also concluded that granting the requested relief would prejudice the defendant by depriving the defendant of a viable statute of limitations defense.
The plaintiff appeals. For reasons set forth below, we reverse.
III. Legal Analysis — The New E-Filing System
On August 31, 2009, the New York legislature, in chapter 416 of the Laws of 2009, provided for the chief administrator of the courts to authorize a voluntary program for the commencement of actions by electronic means. However, the chief administrator had the authority to eliminate the requirement for consent in, inter alia, tort actions in the Supreme Court, Westchester County. In chapter 528 of the Laws of 2010, the legislature amended chapter 416 of the Laws of 2009 to permit the chief administrator to expand the types of cases to be commenced by e-filing. Thereafter, on May 18, 2011, then Chief Administrative Judge Ann Pfau, amending an earlier order dated February 1, *239 2011, authorized and directed the mandatory use of electronic means for the filing and service of documents in, inter alia, tort actions in the Supreme Court, Westchester County, effective March 1, 2011. The rules governing the mandatory electronic filing in the Supreme Court are found in 22 NYCRR 202.5-bb.
Since the e-filing program became mandatory in Westchester County on March 1, 2011, the commencement of the action in this matter had to be performed electronically. Here, it is clear that the plaintiffs counsel, with Manhattan and New Jersey offices, initially was unaware of the mandatory program in Westchester County since, in late April 2011, the summons and verified complaint, plus the $210 filing fee, were transmitted to Gotham for filing and for the purchase of an index number, to be followed by service of the papers upon the defendant. After counsel was advised by Gotham of the County’s mandatory e-filing program, a temporary user account and password were obtained, followed by confirmatory email messages. The email confirmations generated by the NYSCEF program stated, for example, that “[a] temporary user account has been created ... in the Practice New York State EFiling System.” Nothing in the email explained that the word “Practice” meant that the filing was not a real filing, as the same word can connote the concept of “New York Practice” and procedures. Indeed, a confirmatory email message sent on May 4, 2011 verified the creation of a NYSCEF account with a user ID and password. A second confirmatory email message sent on the same date permitted the resetting of a password, which the plaintiff’s counsel then reset. A third email message sent on that date used the word “confirmation” in oversized bold typeface, verifying the filing of a summons and complaint with the caption of the action, and instructed that the confirmation be printed for record-keeping purposes. In our opinion, the confirmatory email messages were anything but clear in indicating that counsel’s filing of the summons and complaint was merely for training, to the point where the email messages could reasonably be viewed as misleading legal practitioners into believing that their e-filings actually had been accomplished. In retrospect, it is clear that the confirmatory email messages should have contained warnings in bold letters stating that a practice filing did not satisfy the requirements of a real filing which must again be performed in the “live” system.
That said, the question remains, under these discrete circumstances, whether the Supreme Court should have granted the *240 plaintiff’s motion pursuant to CPLR 2001 to deem the summons and complaint filed on May 4, 2011, nunc pro tunc.
Here, the subject motor vehicle accident occurred on May 30, 2008. Therefore, the plaintiff had until May 30, 2011, to commence the action in a timely fashion (see CPLR 214). The “practice” filing occurred on May 4, 2011, comfortably in advance of the expiration of the statute of limitations. As a result of the confirmatory email messages, the plaintiffs counsel apparently felt secure in the knowledge that the action had been commenced. Thereafter, unable to log into the NYSCEF system using the user name and reset password it had obtained on May 4, 2011, and after making telephonic inquiries to the County Clerk, the plaintiff’s counsel, on June 2, 2011, only three days after the statute of limitations expired, learned that there was no record of the May 2011 e-filing because it had been completed in the practice system and not in the live system. Just six days later, the plaintiff moved for relief pursuant to CPLR 2001.
IV The Applicability of CPLR 2001 to Cure Error
As noted by Vincent C. Alexander in the Practice Commentaries to CPLR 2001, “[a] statute like CPLR 2001 is essential in an enlightened system of civil procedure that eschews the elevation of form over substance . . . The court’s ability to apply CPLR 2001[, however,] presupposes that the court has acquired jurisdiction” (Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2001 at 228-230 [citations omitted]).
Under the commencement-by-filing system, an action is commenced by the filing of initiatory papers, such as a summons and complaint, with the clerk of the court in which the action is brought (see CPLR 304 [a], [c]; MacLeod v County of Nassau, 75 AD3d 57, 60 [2010]). At that same time, an index number is assigned and the plaintiff is required to pay the index number fee {see CPLR 306-a [a]). After the conversion to the commencement-by-filing system in 1992, the Court of Appeals decided a series of cases — Matter of Gershel v Porr (89 NY2d 327 [1996]), Matter of Fry v Village of Tarrytown (89 NY2d 714 [1997]), and Harris v Niagara Falls Bd. of Educ. (6 NY3d 155 [2006]) — in which it defined the parameters of CPLR 2001, as they then existed. In Matter of Gershel, the petitioner mistakenly served the respondent in a proceeding pursuant to CPLR article 78 with notice of the petition and the petition without first having filed the initiatory papers and without having paid the filing *241 fee. In Matter of Fry, the petitioner, in attempting to commence a proceeding pursuant to CPLR article 78, mistakenly filed an unexecuted order to show cause along with the petition. In Harris, the plaintiff mistakenly filed a summons and complaint under an index number assigned to a terminated proceeding for leave to serve a late notice of claim. In Matter of Gershel and in Harris, the Court of Appeals found that the cases should be dismissed as jurisdictionally defective because the filing requirements of CPLR 304 and 306-a had not been fulfilled. In Matter of Fry, the Court of Appeals determined that the respondents had waived any objection to the defective filing by appearing in the proceeding and litigating the merits.
As explained by this Court in MacLeod v County of Nassau (75 AD3d 57 [2010]), after the foregoing Court of Appeals cases were decided, “commentators observed that courts might be required to dismiss an action or special proceeding because of an ‘innocent and totally unprejudicial’ mistake made by a plaintiff or petitioner with respect to the commencement of the action or special proceeding” (id. at 62, quoting 188 Siegel’s Practice Review, Amendment Enables Non-Prejudicial Errors at the Commencement of Actions to be Corrected, Overruling Line of Rigid Cases at 1 [Aug. 2007]). In response to the aforesaid cases, the New York legislature approved a proposed amendment to CPLR 2001 (see L 2007, ch 529, § 1), which became effective August 15, 2007. CPLR 2001 now reads as follows, with the 2007 amendment appearing in italics:
“At any stage of an action, including the filing of a summons with notice, summons and complaint or petition to commence an action, the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid.”
Legislative history makes clear that although the purpose of the 2007 amendment was to “fully foreclose dismissal of actions for technical, non-prejudicial defects,” it was not intended to “excuse a complete failure to file within the statute of limitations” (Senate Introducer’s Mem in Support, Bill Jacket, L 2007, ch 529 at 5). The measure affords the court the discre *242 tion to correct “a mistake in the method of filing, as opposed to a mistake in what is filed” (id. at 6 [emphasis omitted]). Guided by this legislative history, in 2011 the Court of Appeals held in Goldenberg v Westchester County Health Care Corp. (16 NY3d 323 [2011]) that the plaintiff’s failure to file a summons in conjunction with the filing of a petition for leave to serve a late notice of claim could not be corrected pursuant to CPLR 2001. The Court of Appeals reasoned that given the absence of a summons, there was a complete failure to file within the statute of limitations, which CPLR 2001 did not allow the court to disregard (see Goldenberg v Westchester County Health Care Corp., 16 NY3d at 328).
Here, contrary to the defendant’s contention and the Supreme Court’s determination, the plaintiffs mistake constitutes a mistake in the method that was used in filing in a “practice” system instead of in a “live” system and, thus, is not akin to the mistake made by the plaintiff in Goldenberg that the Court of Appeals determined could not be excused. The mistake made by the plaintiff’s counsel here was caused, in large part, by the glitches in the new e-filing system and counsel’s unfamiliarity with it. It is much like the confusion spawned by the 1992 commencement-by-filing legislation, which, as explained by this Court in MacLeod, prompted the legislature to amend CPLR 2001 to forgive innocent and nonprejudicial errors.
V. Clarification of the Standards of CPLR 2001
The defendant argues that the plaintiffs e-filing error cannot be corrected, as doing so would prejudice the defendant by depriving her of a viable statute of limitations defense. However, we conclude that under a proper reading of CPLR 2001, the issue of prejudice to the defendant need not be reached.
More specifically, we believe that many reported cases in New York reflect a misreading of the language of CPLR 2001. Judicial discretion and the absence of prejudice are not requirements that must be applied in a combined fashion. Rather, a close reading of the statute reveals that CPLR 2001 recognizes two separate forms of potential relief to address mistakes, omissions, defects, or irregularities in the filing of papers. The statute distinguishes between the “correction” of mistakes and the “disregarding” of mistakes, and each invokes a different test. Courts may “correct[ ]” mistakes “upon such terms as may be just” (CPLR 2001). The statute then says, set off by an “or,” that mistakes shall be “disregarded” if a substantial right of a *243 party is not prejudiced (id.). Thus, a “correction” of a mistake appears to be subject to a broader degree of judicial discretion without necessary regard to prejudice, whereas a complete “disregarding” of a mistake must not prejudice an opposing party. Indeed, in Goldenberg, the Court of Appeals appears to have drawn the same distinction between the “correcting” of mistakes and the “disregarding” of them, when it stated that the purpose of the amended version of CPLR 2001 “was to allow trial courts to fix or, where nonprejudicial, overlook defects in the filing process” (Goldenberg v Westchester County Health Care Corp., 16 NY3d at 327 [emphasis added]). The distinction between simply correcting a mistake and overlooking a mistake makes sense, as a party seeking to wholly disregard a filing mistake may understandably be expected to bear a higher burden than a party seeking a mere correction.
A secondary inquiry, therefore, is whether the plaintiff’s request for a nunc pro tunc recognition of his filing in the NYSCEF “practice” system amounts to a mere correction that may be permitted upon terms that may be just, or whether it constitutes a full-scale disregard of the filing error that, in order to be permitted, requires a showing that the defendant will not be prejudiced by the disregard.
We hold that under the circumstances of this case, the e-filing that was to have occurred on May 4, 2011, with the County Clerk is a “correction” of the “practice” filing that had, in fact, been timely undertaken by the plaintiffs counsel with the County Clerk. The summons and complaint were electronically submitted to the County Clerk on that date, and receipt by the County Clerk was acknowledged and electronically confirmed. The “filing” was performed in a mistaken manner and method, which courts are permitted to correct on terms that may be just (see Goldenberg v Westchester County Health Care Corp., 16 NY3d at 328). Therefore, the plaintiff was under no burden to demonstrate an absence of prejudice to the defendant. In contrast, excusing a clearly untimely filing would constitute the disregarding of an error, which could not be permitted because it would be prejudicial to a defendant to deprive it of a legitimate statute of limitations defense. That, however, is a circumstance that we find not to exist here.
Accordingly, the order is reversed, on the law, and the plaintiff’s motion pursuant to CPLR 2001 to deem the summons and complaint filed on May 4, 2011, nunc pro tunc, is granted.
*244 Rivera, P.J., Angiolillo and Leventhal, JJ., concur.
Ordered that the order is reversed, on the law, and the plaintiffs motion to deem the summons and complaint filed on May 4, 2011, nunc pro tunc, is granted; and it is further,
Ordered that pursuant to 22 NYCRR 202.5-bb (b) (2), the Westchester County Clerk shall accept for filing a hard copy of the summons and complaint together with a copy of this order; and it is further,
Ordered that pursuant to 22 NYCRR 202.5-bb (b) (3), personal service of the summons and complaint upon the defendant shall be made as provided in CPLR article 3; and it is further, Ordered that one bill of costs is awarded to the plaintiff.