# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1123**
**CA 15-00574**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND VALENTINO, JJ.

---

JAVELL FOX, PLAINTIFF-RESPONDENT,

V                                               MEMORANDUM AND ORDER

CITY OF UTICA, DEFENDANT-APPELLANT.

---

WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (ZACHARY C. OREN OF COUNSEL), FOR DEFENDANT-APPELLANT.

--------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered September 22, 2014. The order, among other things, denied defendant's motion to dismiss plaintiff's claim.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendant's motion is granted and the claim is dismissed.

Memorandum: Plaintiff filed a verified claim in this action and, before answering, defendant filed a CPLR 3211 motion to dismiss, contending that plaintiff had "yet to file a Summons or a Complaint" and that "a complete failure to file is a jurisdictional defect." Relying upon CPLR 2001, Supreme Court deemed the claim to be a complaint and excused the failure to file a summons as "an irregularity that shall be disregarded in this case." That was error. We agree with defendant that CPLR 2001 does not permit a court to disregard the complete failure to file a summons, i.e., an initial paper necessary to commence an action (*see Goldenberg v Westchester County Health Care Corp.*, 16 NY3d 323, 328; *O'Brien v Contreras*, 126 AD3d 958, 958-959). As recognized by the Court of Appeals in quoting from the Senate Introducer's Memorandum in support of the bill that amended CPLR 2001, the statute may be invoked as a basis to correct or clarify " 'a mistake in the method of filing, AS OPPOSED TO A MISTAKE IN WHAT IS FILED' " (*Goldenberg*, 16 NY3d at 328 [capitalization in original]).

Entered:  November 13, 2015                          Frances E. Cafarell
                                                     Clerk of the Court