*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    520921
_____

DEALY-DOE-EYES MADDUX,
                    Appellant,
        v                                MEMORANDUM AND ORDER

RONALD R. SCHUR JR.,
                    Respondent.
_____

Calendar Date:  April 29, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Lynch and Aarons, JJ.

_____

        Dealy-Doe-Eyes Maddux, St. Johnsville, appellant pro se.

_____

Lynch, J.

        Appeal from an order of the Supreme Court (Aulisi, J.),
entered July 18, 2014 in Fulton County, which granted defendant's
motion to dismiss the complaint.

        For more than a decade, plaintiff has pursued an ongoing
course of litigation seeking to hold defendant liable for his
alleged legal malpractice.  One such action for legal malpractice
proceeded to trial and was dismissed by Supreme Court upon
defendant's motion at the close of plaintiff's proof.[1]
Thereafter, defendant moved to dismiss this purported legal
malpractice action on the ground that, among other things,
plaintiff failed to file a summons or summons with notice.

_____

        [1]  This Court affirmed Supreme Court's subsequent orders
denying plaintiff's motions to vacate the order of dismissal
(Maddux v Schur, 83 AD3d 1156 [2011]; Maddux v Schur, 53 AD3d 738
[2008]).

Supreme Court granted defendant's motion, and plaintiff now appeals.

We affirm. "An action is commenced by filing a summons and complaint or summons with notice in accordance with [CPLR 2102]" (CPLR 304 [a]). The failure to file the papers required to commence an action constitutes a nonwaivable, jurisdictional defect (see Matter of Miller v Waters, 51 AD3d 113, 116 [2008]; Sangiacomo v County of Albany, 302 AD2d 769, 771 [2003]), and such a defect is not subject to correction under CPLR 2001 (see Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 328 [2011]; Fox v City of Utica, 133 AD3d 1229, 1230 [2015]; DeJoy v Ehmann, 114 AD3d 1288, 1289 [2014], lv denied 23 NY3d 901 [2014]). Here, although plaintiff purchased an index number and filed a complaint, she never filed a summons or summons with notice. Given plaintiff's failure, the purported action was a nullity, and Supreme Court properly dismissed it for want of subject matter jurisdiction (see O'Brien v Contreras, 126 AD3d 958, 958 [2015]; Sangiacomo v County of Albany, 302 AD2d at 772). Moreover, to the extent that the complaint raised claims that were identical to those previously litigated and dismissed after a trial, such claims were barred by principles of res judicata (see Bluff Point Townhouse Owners Assn., Inc. v Kapsokefalos, 129 AD3d 1267, 1267-1268 [2015], lv denied 26 NY3d 910 [2015]; Wasson v Bond, 97 AD3d 1093, 1094 [2012]). Plaintiff's remaining contentions have been examined and found to be without merit.

McCarthy, J.P., Egan Jr., Rose and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court