Baity v City of Buffalo (2018 NY Slip Op 01727)





Baity v City of Buffalo


2018 NY Slip Op 01727


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


164 CA 17-01159

[*1]LATOYIA BAITY, PLAINTIFF-APPELLANT,
v
CITY OF BUFFALO AND THOMAS LEATHERBARROW, DEFENDANTS-RESPONDENTS. 






FRANK S. FALZONE, BUFFALO (LOUIS ROSADO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered February 18, 2015. The order, inter alia, granted the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action asserting various tort claims under state law against defendants as a result of being arrested, detained, and then released on August 7, 2006 without charges being filed. Plaintiff timely served a notice of claim against defendant City of Buffalo, and commenced this action against defendants on July 15, 2008. Plaintiff appeals from an order that, inter alia, granted defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. We affirm.
We reject plaintiff's contention that defendants waived their statute of limitations defense because their motion was made more than 60 days after interposing their answer. The 60-day waiver rule does not apply to motions to dismiss based on the statute of limitations (see Siegel, NY Prac § 111 at 208-209 [5th ed 2011]; see also Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 327 [2011]).
We reject plaintiff's further contention that a three-year statute of limitations applies to the claims she asserts under New York's "constitutional tort law." General Municipal Law § 50-i (1) (c) provides that any action for personal injury against a municipality shall be commenced within one year and 90 days after the happening of the event upon which the claim is based (see Broyles v Town of Evans, 147 AD3d 1496, 1497 [4th Dept 2017]). General Municipal Law § 50-i (2) further provides that the limitations period is applicable "notwithstanding any inconsistent provisions of law" (see generally Wright v City of Newburgh, 259 AD2d 485, 486 [2d Dept 1999]). We therefore conclude that Supreme Court properly applied the limitations period under General Municipal Law § 50-i (1) (c) in dismissing the complaint as time-barred (see Drake v City of Rochester, 96 Misc 2d 86, 93-94 [Sup Ct, Monroe County 1978], affd for reasons stated 74 AD2d 996 [4th Dept 1980]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court