Johnson v Dinapoli (2020 NY Slip Op 04893)





Johnson v Dinapoli


2020 NY Slip Op 04893


Decided on September 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 3, 2020

528168

[*1]Johnathan Johnson, Appellant,
v
Thomas P. Dinapoli, as State Comptroller, et al., Respondents.

Calendar Date: August 19, 2020

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.


Johnathan Johnson, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondents.



Clark, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), entered December 3, 2018 in Albany County, which, upon renewal, granted defendants' motion to dismiss the complaint.
Plaintiff, an inmate in the custody of the Department of Corrections and Community Supervision, sought to commence an action pursuant to 42 USC § 1983, alleging that he was denied access to the courts and deprived of his property rights when the monetary award in a Court of Claims judgment was deposited into his inmate account, rather than sent to a third party as he had requested, thereby resulting in the dismissal of an unrelated CPLR article 78 petition for failure to pay the filing fee. After being served with a summons and verified complaint, defendants moved, pursuant to CPLR 3211, to dismiss the complaint on the grounds that it failed to state a cause of action and was barred by a prior proceeding, that the claim was moot and that defendants are entitled to qualified immunity. Supreme Court denied the motion, holding that it was procedurally defective due to defendants' failure to attach a copy of the complaint, which, the court noted, was not in its file or that of the County Clerk. Defendants then submitted an answer raising the additional defenses of lack of subject matter and personal jurisdiction. Thereafter, having reviewed the County Clerk's file, defendants moved for leave to renew their prior motion to dismiss. Supreme Court granted the motion to renew and, upon renewal, dismissed the complaint finding that plaintiff's failure to properly file the summons and complaint deprived it of subject matter jurisdiction.[FN1] Plaintiff appeals.
Initially, "[a] motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see Preferred Mut. Ins. Co. v DiLorenzo, 183 AD3d 1091, 1095 [2020]). Here, defendants' explanation for their failure to attach a copy of the complaint to the motion to dismiss was reasonable and provided an ample basis for Supreme Court's discretionary determination to grant the motion to renew. Specifically, defendants asserted that they did not attach a copy of the complaint to the motion because, having been served with a summons and complaint, they had no reason to believe that neither Supreme Court's nor the County Clerk's files contained a copy of the complaint. They stated that they did not learn such information until the court denied the motion, at which point they inspected the County Clerk's file and confirmed that no summons or complaint had been filed. In view of the foregoing, we are unpersuaded by plaintiff's contention that Supreme Court abused its discretion in granting defendants' motion to renew (see generally First Union National Bank v Williams, 45 AD3d 1029, 1030 [2007]).
Turning to the dismissal of the action, "[a]n action is commenced by filing a summons and complaint or summons with notice in accordance with [CPLR 2102]" (CPLR 304 [a]). Where, as here, the documents necessary to institute an action are not filed, this constitutes a nonwaivable, jurisdictional defect and, notwithstanding plaintiff's contention to the contrary, is not subject to correction under CPLR 2001 (see Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 328 [2011]; Maddux v Schur, 139 AD3d 1281, 1281 [2016]). Without the filing of the initiatory documents, the purported action was never commenced and is therefore a nullity (see Maddux v Schur, 139 AD3d at 1281; Sangiacomo v County of Albany, 302 AD2d 769, 770 [2003]). As such, Supreme Court properly dismissed the purported action for lack of subject matter jurisdiction (see Maddux v Schur, 139 AD3d at 1281; O'Brien v Contreras, 126 AD3d 958, 958 [2015]). Plaintiff's remaining contentions have been reviewed and are without merit.
Egan Jr., J.P., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Supreme Court further found that the action was barred by a prior proceeding and was moot.