Ghiazza v Anchorage Mar., Inc. (2022 NY Slip Op 06662)

Ghiazza v Anchorage Mar., Inc.

2022 NY Slip Op 06662

Decided on November 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

533500
[*1]Jeffrey Ghiazza, Appellant,
v
Anchorage Marina, Inc., et al., Defendants, and Lawrence W. Ghiazza Jr. et al., Respondents.

Calendar Date:October 18, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Jeffrey Ghiazza, Pleasant Valley, appellant pro se.
Russell A. Schindler, Kingston, for respondents.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Richard Mott, J.), entered November 18, 2020 in Ulster County, which, among other things, denied plaintiff's motion to vacate a prior order and/or for reargument.
Plaintiff alleges that he performed renovations on the mobile home property of his mother, defendant Helene A. Ghiazza, and that she agreed to transfer title to her boat in partial payment for the debt incurred by the renovations. Plaintiff further alleges that his brother, defendant Lawrence W. Ghiazza Jr., was the attorney-in-fact for his mother and that he and his former sister-in-law, defendant Monica Soker, were obligated to transfer the boat to him free of any encumbrances. Plaintiff subsequently learned that defendant Anchorage Marina, Inc. had a lien on the boat for storage fees and intended to sell it at auction. In August 2017, plaintiff sought to temporarily stay the sale of the boat. Therefore, plaintiff purchased both an index number and a request for judicial intervention and filed an order to show cause along with an affidavit in support thereof. There is no evidence that plaintiff has, at any point, filed either a summons with notice or a summons and complaint. Following years of ongoing litigation, the purported action was dismissed for failure to substitute a proper party following the death of Helene A. Ghiazza. Eventually, plaintiff sought to restore the purported action to the calendar. Supreme Court denied plaintiff's motion and awarded counsel fees. Plaintiff subsequently moved to vacate the order. By order entered November 18, 2020, Supreme Court denied plaintiff's motion to vacate the prior order, and plaintiff appeals.
We affirm, albeit on different grounds. Contrary to plaintiff's contention that this purported action should not have been dismissed, "[a]n action is commenced by filing a summons and complaint or summons with notice in accordance with [CPLR 2102]" (CPLR 304 [a]). "The failure to file the papers required to commence an action constitutes a nonwaivable, jurisdictional defect, and such a defect is not subject to correction under CPLR 2001" (Maddux v Schur, 139 AD3d 1281, 1281 [3d Dept 2016] [internal citations omitted]; see Johnson v DiNapoli, 186 AD3d 1763, 1765 [3d Dept 2020]; Sangiacomo v County of Albany, 302 AD2d 769, 772 [3d Dept 2003). Here, although plaintiff purchased an index number and a request for judicial intervention, he never filed a summons with notice or summons and complaint. Under these circumstances, plaintiff's failure to comply with CPLR 304 resulted in the purported action being a nullity and it was properly dismissed (see Richards v Lourdes Hosp., 58 AD3d 927, 928 [3d Dept 2009]; Burrell v Countrytowne Apt. Partnership, 247 AD2d 805, 805 [3d Dept 1998]). Plaintiff's remaining contentions have been reviewed and are without merit.
Garry, P.J., Lynch, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.