Board of Mgrs. for Crotona Towers Condominium v Jenser LLC (2024 NY Slip Op 50671(U))

[*1]

Board of Mgrs. for Crotona Towers Condominium v Jenser LLC

2024 NY Slip Op 50671(U)

Decided on June 6, 2024

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 6, 2024
Supreme Court, Bronx County

The Board of Managers for Crotona Towers Condominium, Plaintiff,

against
Jenser LLC, SERGIO JIMENEZ, 2135 CRTD INC. a/k/a CRTD INC., 949 STATE STREET INC., ROY SINGH and SAWANNA SANDS, Defendants.

Index No. 33622/2019E

Ashlee Crawford, J.

In this action involving alleged non-payment of condominium common charges, defendants have been restrained by the Court since 2019 from "transferring, selling, renting or conducting further transactions with respect to the condominium unit at issue," and the tenant occupying the condo unit has been required to pay use and occupancy directly to the plaintiff condominium board. Deeply concerning, however, is that no pleadings, notice of pendency, or proof of a condominium common charge lien have ever been filed with the Court, and defendants have never been served with process. Defendants 2135 CRTD Inc. ("CRTD"), 949 State Street Inc. ("949 State"), and Roy Singh ("Singh") now move to dismiss the action pursuant CPLR § 3211. Their motion is granted for the reasons discussed herein.
Background
At issue is condominium unit 2D at 2135 Crotona Avenue, Bronx, New York (Block: 3083, Lot: 1008). On November 15, 2019, plaintiff The Board of Managers for Crotona Towers Condominium commenced this action by filing an order to show cause which provided that it was being made "upon the verified complaint," although no complaint was attached or has ever been filed or served (NYSCEF Doc. No. 2 [order to show cause]). The order to show cause, which was brought pursuant to CPLR §§ 6301 and 6311, sought (1) to direct defendant Sawanna Sands, the tenant occupying the unit, to pay use and occupancy directly to plaintiff "until all of the common charge arrears for [the condo unit] are cured pursuant to RPL § 339"; (2) to preliminarily enjoin defendants during the pendency of this action from "transferring, selling or attempting to conduct any transaction with respect to [the condo unit]"; (3) to direct the New York City Registrar to invalidate a recorded transfer of the condo unit under CRFN No. 2019000110963; and (4) to appoint a temporary receiver to commence a lien foreclosure action for unpaid common charges (id. at 2). 
The order to show cause further requested a temporary restraining order to (1) direct defendant-tenant Sands to pay rent directly to the plaintiff condominium board; and (2) temporarily enjoin defendants from "transferring, selling, mortgaging or attempting to conduct any transaction with respect to [the condo unit]," upon the assertion that "IT BEING alleged in [*2]the Verified Complaint and in the aforesaid papers [i.e., the non-existent verified complaint and an affidavit of plaintiff's president, Emily Patka] that temporary relief is necessary to prevent irreparable harm to Plaintiff pending a hearing and determination of the within motion for a preliminary injunction." Again, no such complaint was attached to the order to show cause or was ever filed with the Court or served on defendants.
The docket shows a "petition" filed with the order to show cause, but, when opened, the document is revealed to be the attorney affirmation of Juan D. Soto, Esq., counsel for plaintiff (NYSCEF Doc. No. 1). Mr. Soto states that "[t]his is an action seeking equitable and declaratory relief," but goes on to state that plaintiff is also seeking a "monetary judgment against the defendants personally, for breach of contract of unpaid condominium common charges, late charges, fees and interest" (id. at ¶ 4). Mr. Soto explains that plaintiff had previously brought "a portion of this matter" against defendants Jenser, LLC (the then-record owner of the condo unit), Sergio Jimenez (the managing member of Jenser), and tenant-of-record, defendant Sands, in Bronx Civil Court (Index No. CV-13340-19/BX). According to Soto, Civil Court informed plaintiff it did not have the equitable jurisdiction necessary to grant the relief plaintiff was seeking (id. at ¶¶ 20-23).[FN1]

Soto purports to assert "causes of action" in his attorney affirmation for (1) "breach of contract — common charges"; and (2) "breach of contract — failure to notify of a contract for sale/right of first refusal" (id. at ¶¶ 41-45). In his prayer for relief, Soto states that he seeks summary judgment in the sum of $14,406.99; an order requiring defendants to post a security deposit or bond to assure future payments of common charges and assessments; an order requiring defendants to produce current liability insurance for the condo unit; an order requiring defendants to produce a copy of defendant Sands' "use and occupancy 'rental' lease"; and attorneys' fees, in addition to all the other relief sought in the order to show cause (id. at ¶¶ 46-47). The only exhibit Soto attached to his affirmation is a print-out from the New York Department of State's website showing entity information for Jenser (id. at Ex. A); no other exhibits were provided to support Soto's many contentions, which he made on behalf of plaintiff "for its complaint upon knowledge as to itself and its conduct, and upon information and belief as to all other matters" (id. at ¶ 1). 
Also in support of the order to show cause, plaintiff submitted the affidavit of its president, Emily Patka, sworn to on November 15, 2019 (NYSCEF Doc. No. 3). Without stating that she had personal knowledge of the facts set forth in her affidavit, Patka alleged that defendants Jenser and Jimenez had stopped paying common charges in March 2019 and that "numerous efforts" to contact them had been made, including through certified mail (id. at ¶¶ 3[c]-[d]). Patka does not specify the timing of plaintiff's "numerous efforts" at outreach or attach copies of any such communications or a certified mail receipt. Neither does she attach any ledger or billing statement reflecting the amount and timing of the alleged common charge arrears; or any proof of the basis for Jenser and Jimenez to be charged common charges, or in what amounts, or the basis for the Board to sue them for payment thereof. Patka states in her affidavit that a deed was filed transferring the condo unit from Jenser and Jimenez to defendant CRTD, but her affidavit is silent as to the connection of defendants 949 State and Singh to [*3]plaintiff's ex parte application or this litigation (id. at ¶ 3[e]). Importantly, nowhere in the order to show cause, or the supporting Soto affirmation or Patka affidavit, is there any assertion or proof that a condominium common charge lien had been filed against the condo unit. 
The 2019 Order
The Court (Doris Gonzalez, J.) signed the order to show cause, but denied the application for a TRO, and directed personal service "upon the attorney for the Defendants" (NYSCEF Doc. No. 6 at 4). 
By short-form order dated December 5, 2019, the Court granted, on default, plaintiff's order to show cause to the extent of (1) directing defendant Sands to pay use and occupancy directly to plaintiff pursuant to RPL § 339-kk, and (2) enjoining defendants from "transferring, selling, renting or conducting further transactions with respect to the condominium unit at issue" (NYSCEF Doc. No. 6). The Court further held that "Plaintiff has not shown that appointment of a receiver is required to commence a lien foreclosure action, as opposed to seeking such appointment following commencement of a lien foreclosure action by the plaintiff" (id.). The Court directed plaintiff to submit an order on notice — which ultimately never happened — but did not address the lack of pleadings or the issue of personal jurisdiction over the defendants (id.). 
There is no mechanism in the Court's order for an end-date to the preliminary injunction, which has not been vacated, both because of, and despite, plaintiff never filing any pleadings or proving its entitlement to final judgment against defendants. 
Defendants' Motion to Dismiss
On January 5, 2021, defendants CRTD, 949 State, and Singh filed the instant motion to dismiss this action (seq. no. 002). In March 2024, the case and motion were reassigned to the current Court. The moving defendants move pursuant CPLR §§ 3211 to dismiss this action with prejudice (1) for failure to file or serve a petition or complaint; (2) as against each of the moving defendants for failure to properly serve them or allege any wrongful acts by them; and (3) vacating the December 5, 2019 order granting plaintiff's order to show cause due to plaintiff's failure to state a cause of action and to submit an order on notice as directed by the Court and required under 22 NYCRR 202.48 (NYSCEF Doc. No. 7 [notice of motion]). 
Defendants argue that this action should be dismissed, because plaintiff never filed a petition or complaint, and the Soto affirmation does not meet the requirements of a petition or complaint (NYSCEF Doc. No. 8 at ¶¶ 11-14 [Blumenthal Affirm. in Support]). They further argue that the December 5, 2019 order granting plaintiff's order to show cause should be vacated, because they were never served with the order to show cause and did not have notice of it. The Court directed service "upon the attorney for the Defendants," when no attorney had appeared in the action for any of the defendants, let alone for all of them. Defendants underscore the lack of any affidavit of service in the record (NYSCEF Doc. No. 8 at ¶¶ 6-8, 15-17).
Defendants note that the owner-of-record of the condo unit since 2019 has been CRTD; they claim that Singh's only connection to this action is that he served as the rental agent for CRTD, and 949 State's only connection is that Singh is its registered agent for service of process. Singh and 949 State maintain that the order to show cause was entirely devoid of allegations directed to them, and they should be released from this action with prejudice (id. at ¶¶ 18-22). 
To the extent Jenser's transfer of the premises to CRTD was in violation of the condominium by-laws, defendants contend that such violation would be chargeable only against Jenser under a contract theory and would not support liability against CRTD as subsequent grantee (id. at ¶¶ 23-26).
Defendants next maintain that plaintiff was not entitled to relief under RPL § 339-kk, because it did not meet its burden or serve the requisite notices thereunder. Specifically, plaintiff did not prove there were common charges which remained unpaid for more than 60 days after they became due (RPL § 339-kk). Moreover, plaintiff did not plead or establish that it sent a written statutory notice to the non-occupying owner and the tenant, and defendants were denied their right to challenge plaintiff's claim to rental payments (id.; NYSCEF Doc. No. 8 at ¶¶ 27-32). Finally, defendants argue that plaintiff's order to show cause should be deemed denied, because it failed to submit an order on notice (id. at ¶¶ 33-39).
In opposition, plaintiff's counsel, Soto, submits an affirmation in which he argues that defendants' motion to dismiss must be denied, because the Court has subject matter jurisdiction in this action and personal jurisdiction over the defendants, and plaintiff has stated a valid claim against the moving defendants. Plaintiff denies abandoning any relief, but fails to attach a settled order and none appears in the record. Plaintiff contends that it properly served defendants with process, attaching affidavits of service of the order to show cause on each defendant (NYSCEF Doc. No. 13 at Ex. B), and argues that defendants' claims of non-service are disproven by the Court file and by the fact that Singh and Sands apparently appeared in Court on December 2, 2019. Soto, who lacks personal knowledge, alleges upon information and belief in his affirmation that Singh is the owner and principal of 949 State and CRTD, and that Singh conducted the sale of the condo unit, received a cash payment from Jimenez on behalf of Jenser, and directed Sands to stop paying use and occupancy to plaintiff and, instead, to make such payments to 949 State and Singh. Soto insists that plaintiff has every right to enforce its by-laws, which appear nowhere in the record. He also claims that notice pursuant to RPL § 339-kk was served on Jenser on June 14, 2019 (see NYSCEF Doc. No. 13 at Ex. C), but no affidavit of service or proof of mailing of that notice is provided. Finally, plaintiff contends that "the Court was correct in allowing service of the Order [on] the Defendants personally after no attorneys for the Defendants appeared on their behalf after prior notice was served" (NYSCEF Doc. No. 13 [Soto Affirm. in Opp. & Exs. A-C]).
In reply, the moving defendants argue that an action may not be commenced by order to show cause, citing CPLR § 304(a). They maintain that plaintiff conflates service of a mere motion with service of process, which is necessary to confer personal jurisdiction. Because, they argue, personal jurisdiction was not obtained here, this action and the Court's order granting the order to show cause are a nullity. They further argue that the prior order is a nullity pursuant to 22 NYCRR § 202.48(b), because plaintiff never settled an order; and plaintiff has not complied with the notice and proof requirements of RPL § 339-kk(c) and, therefore, may not collect rent directly from the tenant of the condo unit.
Discussion
"In opposing a motion to dismiss pursuant to CPLR 3211(a)(8), plaintiff has the burden of presenting sufficient evidence, through affidavits and relevant documents, to demonstrate that jurisdiction over the defendants is warranted" (Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60, 73-74 [1st Dept 2024]; accord Fischbarg v Doucet, 9 NY3d 375, 381 at n. 5 [2007]). "[B]ecause service of process is necessary to obtain personal jurisdiction over defendants, courts require strict compliance with the statutory methods of service" (Cedar Run Homeowners' Association, Inc. v Adirondack Development Group, LLC, 173 AD3d 1330 [2019][internal quotation marks and citation omitted]). As relevant here, to obtain personal jurisdiction over a natural person or corporation within New York, service of a summons is [*4]statutorily mandated (see §§ CPLR 308, 311).
Moreover, "all civil proceedings must be in the form of an action or special proceeding" and "must be commenced by means of a petition or complaint" (Siegel v Eisner, 211 AD3d 444, 445 [1st Dept 2022], citing CPLR §§ 103, 304[a]). "[T]he failure to file the papers required to commence a proceeding constitutes a nonwaivable, jurisdictional defect" (Heffernan v New York City Mayor's Office of Housing Recovery Operations, 196 AD3d 426 [1st Dept 2021], lv denied 38 NY3d 904 [2022]). "[T]he complete failure to file the initial papers necessary to institute an action is not the type of error that falls within the court's discretion to correct under CPLR 2001" (Park Premium Enterprises, Inc. v Norben Lofts, LLC, 220 AD3d 661, 662-63 [2d Dept 2023][citation omitted]; see also Wesco Ins. Co. v Vinson, 137 AD3d 1114, 1115-16 [2d Dept 2016]).
Here, plaintiff has not met its burden of establishing personal jurisdiction over any of the defendants in this action, since it is undisputed that plaintiff never filed or served a summons and complaint or summons with notice (Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 328 [2011][affirming dismissal where "plaintiff never filed a summons and complaint"]; CPLR § 304). Plaintiff is mistaken in its belief that service of the order to show cause conferred personal jurisdiction here (see Siegel v Eisner, 211 AD3d 444, 445 [1st Dept 2022]["Since there was no proceeding actually before the motion court, it properly denied the order to show cause."]; see also White House Manor, Ltd. v Benjamin, 11 NY3d 393, 402 [2008][to pursue claim for breach of contract, plaintiff was required to commence plenary action by filing a summons and complaint]).
Finally, plaintiff does not ask the Court to convert the order to show cause into a plenary action or special proceeding in the interest of justice, and the Court declines to do so sua sponte (CPLR 103[c]; see also Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 328 [2011][failure to file a summons may not be corrected pursuant to CPLR 2001]).
Given the lack of personal jurisdiction over the defendants, defendants' motion to dismiss this action in its entirety is granted. The Court need not reach the parties' remaining contentions.
For the foregoing reasons, it is hereby
ORDERED that defendants' motion to dismiss this action in its entirety is GRANTED due to lack of personal jurisdiction over the defendants, and this action is dismissed as to all defendants; and it is further
ORDERED that the Court's December 5, 2019 order is vacated, nunc pro tunc to its issuance, and any and all restraints or mandates imposed thereunder are hereby vacated and lifted; and it is further
ORDERED that defendant-tenant Sawanna Sands, or any current tenant of the condominium unit at issue, may immediately cease the payment of rent directly to plaintiff The Board of Managers of the Crotona Towers Condominium and may resume the payment of rent in the normal course, as appropriate; and it is further
ORDERED that, within 30 days of the moving defendants' service on plaintiff of this order with notice entry, plaintiff shall provide to defendants a full written accounting of any payments of use and occupancy received directly from defendant Sands, or from any other tenant of the condominium unit, since December 5, 2019; and it is further
ORDERED that, within 45 days of the moving defendants' service on plaintiff of this order with notice entry, plaintiff shall disgorge to the owner of the condominium unit during the period from December 5, 2019 through present, all such payments of use and occupancy received directly from the tenant(s) of the condominium unit since December 5, 2019, unless agreed otherwise by the parties.
This constitutes the decision and order of the Court.
_________________________________
HON. ASHLEE CRAWFORD, A.J.S.C.
Dated: June 6, 2024
Bronx, New York

Footnotes

Footnote 1:Court records show that Civil Court dismissed that action after neither party appeared for trial on January 30, 2020.