Kelemen v Duplication Servs., Inc. (2025 NY Slip Op 06281)

Kelemen v Duplication Servs., Inc.

2025 NY Slip Op 06281

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 160226/17|Appeal No. 5177|Case No. 2024-06015|

[*1]Karl Kelemen, Plaintiff-Appellant,
v
Duplication Services, Inc. Doing Business as Digital Media Services et al., Defendants-Respondents, John Pellicano et al., Defendants.

Naidich Law, New York (Zachary Naidich of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Stephen G. Rickershauser of counsel), for Duplication Services, Inc., Pelco Prints, Inc., and Centerfield Capital Partners III LLP, respondents.
Ice Miller LLP, New York (Alexander Talel of counsel), and Ice Miller LLP, Columbus, OH (Paul Bittner of the bar of the State of Ohio, admitted pro hac vice, of counsel), for Centerfield Capital Partners III LLP, respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered September 19, 2024, which denied plaintiff's motion for summary judgment against defendants Duplication Services, Inc., doing business as Digital Media Services, and Pelco Prints, Inc., doing business as Digital Media Services, (collectively DMS), and granted defendant Centerfield Capital Partners III LLP's motion to dismiss for lack of subject matter jurisdiction, unanimously affirmed, without costs.
Plaintiff's motion for summary judgment on his breach of contract and Labor Law claims was correctly denied. There are triable issues of fact as to whether plaintiff's 1996 employment contract remained in full force and effect throughout his more than 20-year tenure with DMS. The 1996 agreement was solely between defendant Pelco Prints and plaintiff; neither Duplication Services nor DMS is named as a party to that agreement. The record is silent as to how Pelco Prints and Duplication Services are connected. The mere fact that plaintiff continued to be employed by various successor entities does not, for the purposes of summary judgment, establish that the legal obligation under the 1996 agreement remained unchanged. The record also shows issues of fact as to whether the parties verbally modified the terms of plaintiff's compensation in 2013.
The motion court correctly dismissed the action against Centerfield Capital for lack of subject matter jurisdiction. Plaintiff failed to file and serve a supplemental summons on Centerfield Capital within the six-year statute of limitations for his causes of action (see CPLR 305[a]; 3012[a]; Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 328 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025