■ BYRON LENNOX et al., Respondents, v. HARTWELL D. RHODES, as President of Local 1127 of the Communications Workers of America, et al., Appellants.— Appeal from an order of the Supreme Court, Essex County, granting respondents' motion to compel the appellants to accept their complaint, denying appellants' cross motion, made pursuant to CPLR 3012 (subd. [b]) to dismiss the action for failure to timely serve the complaint, and ordering the respondents to serve their complaint upon the appellants within 20 days after service of a copy of said order. Special Term correctly rejected respondents' excuse, premised on the practice commitments of their attorney, for a 26-month delay in serving their complaint following appellants' demand for

service (*Kriegsman* v. *Rosenfeld*, 35 A D 2d 693, app. dsmd. 29 N Y 2d 633). However, Special Term felt that since dismissal of the action would result in depriving respondents of their day in court due to the bar of the Statute of Limitations, it should grant respondents an extension of time to serve their complaint pursuant to CPLR 2004 to avoid such a result. Such action was clearly improper. CPLR 2004 may not be invoked to extend the Statute of Limitations (see Supplementary Practice Commentary by Joseph M. McLaughlin, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 2004, 1971–1972 Supp., p. 154; cf. CPLR 201; Practice Commentary by Joseph M. McLaughlin, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 201, p. 58). Accordingly, the order must be reversed and the appellants' cross motion for the dismissal of the action granted. Order reversed, on the law and the facts, and appellants' motion to dismiss the action granted, without costs. Greenblott, J. P., Cooke, Simons, Kane and Reynolds, JJ., concur.