OPINION OF THE COURT
Mary O. Donohue, J.
*621 Defendant Nicholas Wylie moves to dismiss the personal injury action against him on the ground that the action is barred by the Statute of Limitations. Plaintiffs cross-move to consolidate the action against Wylie with another pending action arising out of the same slip and fall. The record establishes that defendant Wylie is not entitled to the relief he seeks and that consolidation of the actions is appropriate. The motion will therefore be denied and the cross motion granted.
These actions arise out of plaintiff Donald J. Dort’s slip and fall in January 1993 on an icy walkway at a mobile home park then owned by Wylie. The particular lot where Dort fell was rented to Michael Aylmer and Ellen Aylmer. Plaintiffs contend that Michael Aylmer was employed by Wylie to supervise the mobile home park. The pending personal injury action against Wylie was commenced in October 1997, more than three years after plaintiffs’ cause of action accrued. Plaintiffs contend that because an employer-employee relationship existed between Wylie and Michael Aylmer, who is a defendant in the timely commenced personal injury action arising out of the same slip and fall, plaintiffs are entitled to the benefit of the relation back doctrine (see, CPLR 203) and that the claim against Wylie is therefore deemed to have been interposed when the complaint was served in the action against Aylmer.
Wylie points out that he was originally named as a defendant in plaintiffs’ timely commenced action but was never served in that action and, therefore, pursuant to CPLR former 306-b (a), the action against him was automatically dismissed. Accordingly, because the additional 120-day period referred to in CPLR former 306-b (b) had also expired, plaintiffs’ motion to permit expedited service on Wylie in that action was denied by decision and order dated August 11, 1997. Plaintiffs thereafter purchased a new index number, commenced the new action against Wylie, obtained an order permitting expedited service on Wylie and effected such service.
The automatic dismissal of the prior action against Wylie pursuant to CPLR former 306-b was not on the merits and does not preclude the new action. CPLR former 306-b was designed to increase State revenue (see, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:3, 1997-1998 Interim Pocket Part, at 129). Plaintiffs’ purchase of a new index number served the statute’s purpose. The statute was not intended to shorten the period for commencing a new action (see, id., CPLR C306-b:2, 1997-1998 Interim Pocket Part, at 127-128). Accordingly, the dispositive *622 issue on Wylie’s motion to dismiss is whether plaintiffs are entitled to the benefit of the relation back doctrine.
In Buran v Coupal (87 NY2d 173, 177) the Court explained that “the relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are ‘united in interest’ ”. Focusing on the Court’s reference to “an amended filing” and “claims previously asserted against a codefendant”, Wylie argues that the relation back doctrine applies only where a plaintiff seeks to amend a complaint to add a new defendant to an existing action and not where, as here, there are separate actions. The argument is meritless. The Buran case actually involved two separate actions and the Court concluded that the relation back doctrine was applicable.
In Mondello v New York Blood Ctr. (80 NY2d 219, 226) the Court concluded that the three conditions to be satisfied before the relation back doctrine will be applied are: “(1) both claims arose out of the same conduct, transaction or occurrence; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits * * * and (3) the new party knew or should have known that, but for an excusable mistake by the plaintiff in originally failing to identify all the proper parties, the action would have been brought against the additional party united in interest as well”. The first two conditions have clearly been satisfied in this case. The claims against Wylie arise out of the same slip and fall as the claims against the Aylmers and the employer-employee relationship, which Wylie does not deny, is sufficient to establish the requisite unity of interest (see, Raschel v Risk, 69 NY2d 694, 697). In the Buran case (supra) the Court eliminated the requirement that the mistake referred to in the third condition be excusable.[1] The Court noted, however, that “[w]hen a plaintiff intentionally decides not to assert a claim against a party known to be potentially liable, there has been no mistake and the plaintiff should not be given a second opportunity to assert that claim after the limitations period has expired” (supra, at 181).
*623 Plaintiffs clearly knew of Wylie’s potential liability from the outset, for they named him as a defendant in the original action. It is equally clear, however, that plaintiffs did not intentionally abandon their claim against Wylie. According to plaintiffs’ counsel, service of process on Wylie was not effected because Wylie had moved from his last known address and could not be found. In addition, plaintiffs’ counsel learned that Wylie had been discharged in bankruptcy and was “judgment proof’. Nevertheless, counsel alleges that “extensive nonparty discovery was conducted in an effort to ascertain whether the now bankrupt and missing defendant Wylie had any insurance coverage on the premises which might not be protected by the discharge in bankruptcy.” Counsel was finally able to determine the existence and identity of the insurer of the premises where the slip and fall occurred in February 1997 through the files of the Federal Deposit Insurance Corporation. Coincidentally, the insurer also insures the Aylmer defendants and, according to plaintiffs’ counsel, had repeatedly denied that it insured Wylie. After discovering the existence of insurance coverage that might be available to satisfy a judgment against Wylie, plaintiffs attempted to proceed against Wylie in the original action, which was unsuccessful because of the automatic dismissal, and then commenced the new action.
Although there was no mistake by plaintiffs regarding the identity of the proper parties, the facts establish a basis for applying the relation back doctrine. To the extent that plaintiffs’ failure to effect timely service on Wylie in the original action can be viewed as the result of a tactical decision, it was based on the mistaken belief that proceeding against a “judgment proof’ Wylie would be a futile waste of time, money and effort. The mistake was cured when plaintiffs discovered the existence of insurance coverage, which occurred after the limitations period had expired. Furthermore, because the “linchpin” of the relation back doctrine is notice within the limitations period (see, Buran v Coupal, supra, at 180) and Wylie clearly had such notice,[2] the relation back doctrine is applicable despite the absence of a mistake regarding the identity of the proper parties (see, Nardi v Hirsch, 245 AD2d 205 [1st Dept, Dec. 23, 1997]). Wylie’s motion to dismiss is therefore denied.
*624 With regard to the cross motion, consolidation of the two actions, which involve common questions of fact and law, is clearly appropriate. There is nothing in the record to demonstrate prejudice to any party despite the fact that discovery is apparently completed in the original action. The cross motion is therefore granted and the two actions are hereby consolidated into an action.

. Plaintiffs’ contention that the Buran case (supra) entirely eliminated the third condition is incorrect. The express holding of the Buran case is that “New York law requires merely mistake — not excusable mistake — on the part of the litigant seeking the benefit of the [relation back] doctrine” (Buran v Coupal, supra, at 176).

. During the limitations period, Wylie included the Doris’ claim as a debt in his bankruptcy proceeding and therefore must have had notice of the claim. Wylie’s papers in opposition to the cross motion include an assertion that the discharge in bankruptcy makes him immune from suit on the claim but his motion to dismiss is based on the Statute of Limitations and not discharge in bankruptcy.