OPINION OF THE COURT
Joseph W. Latham, J.
The defendant, Stetson-Dale, also known as Stetson-Dale Harza (hereafter referred to as Stetson), moves for dismissal of and/or summary judgment dismissing the plaintiffs complaint and codefendants’ cross claims. The plaintiffs cross motion requests permission nunc pro tunc to serve a notice of claim on defendant Stetson.
*536 The party moving for summary judgment has the initial burden of setting forth evidentiary facts that establish its cause of action or defense sufficiently to entitle it to judgment as a matter of law. (Harper v Murphy Overhead Doors, 131 AD2d 966 [3d Dept 1987].) To meet this burden it must produce evidence confirming that there is no material and triable issue of fact. (Royal v Brooklyn Union Gas Co., 122 AD2d 132 [2d Dept 1986].) Anything less requires dismissal of the motion regardless of the contents of the opposing party’s papers. (Foremost Ins. Co. v Moore, 103 AD2d 1042 [4th Dept 1984].) To make such a showing, the moving party’s supporting papers must include allegations in affidavit format, made by a party with personal knowledge of the underlying facts (CPLR 3212 [b]), a copy of the pleadings, and other available proof such as depositions and written admissions; proof must be in evidentiary form. (Foremost Ins. Co. v Moore, 103 AD2d 1042 [4th Dept 1984].) Conclusory statements are inadequate (Bassett v Powers, 126 AD2d 867 [3d Dept 1987]), as are hearsay allega-, tions (Central School Dist. No. 2 v Cohen, 60 Misc 2d 337 [1969]).
Defendant Stetson contends that as to itself, CPLR 214-d requires that the court dismiss the plaintiffs complaint. This point was raised as a “Fourth Affirmative Defense” in Stetson’s answer with cross claim dated June 20, 1999. Stetson also contends that the dismissal should be with prejudice. The basis of the request resides in the notice of claim requirements contained in CPLR 214-d. Relevant portions of CPLR 214-d (1) read as follows: “Any person asserting a claim for personal injury * * * against a licensed architect * * * which is based upon the professional performance, conduct or omission by such licensed architect * * * or such firm occurring more than ten years prior to the date of such claim, shall give written notice of such claim to each such architect * * * or such firm including any cross or third-party action or claim.” CPLR 214-d (2) became effective October 1, 1996 and requires that subsequent pleadings brought against the architect state that there has been full compliance with this statutory provision.
Summary judgment does not go to credibility. (73 Am Jur 2d, Summary Judgment, § 36; Heller v Hicks Nurseries, 198 AD2d 330 [2d Dept 1993].) This expedited remedy is proper if there is no dispute as to the facts and if the only issue is the legal conclusion to be drawn from the facts. Summary judgment may be granted if the opposing party fails to deny any of the moving party’s factual allegations and contests the motion only on legal grounds (Brickman v Niagara Fruit Co., 65 Misc *537 2d 483 [1971]), or if the record of undisputed facts is sufficient for the court to resolve the case as a matter of law (Central School Dist. No. 2 v Cohen, 60 Misc 2d 337 [1969], supra). Because it is a drastic remedy, summary judgment should be denied when the court has doubt (except as to damages) concerning whether a material and triable issue of fact exists. (Rotuba Extruders v Ceppos, 46 NY2d 223 [1978].)
There is no dispute that the plaintiff did not comply with the formal notice requirement of CPLR 214-d. The plaintiff contends that the complaint itself could serve as notice, or in the alternative that the plaintiff should be permitted to give the notice and amend the complaint nunc pro tunc pursuant to CPLR 2001 and 2004.
CPLR 214-d is a relatively new statute and there are virtually no reported cases on point. The court appreciates counsel’s effort to make the court aware of unreported decisional authority that touches on the issues. A plain reading of CPLR 214-d requires the court to grant summary judgment dismissing any action where the parties have not complied with the requirements of this statute. Were the court to accept the argument that the complaint itself gave defendant Stetson notice, there is no way to avoid the fact that the complaint fails to allege compliance. Thus CPLR 214-d has not been complied with. To authorize notice nunc pro tunc pursuant to CPLR 2001 and/or 2004 would effectively nullify the notice requirements under CPLR 214-d applicable prior to commencement of an action. Accordingly, the defendant’s motion for summary judgment is granted.
The plaintiffs complaint is dismissed as against the defendant Stetson. This appears to be the appropriate remedy for a violation of CPLR 214-d. The cross claims against Stetson likewise are dismissed based on the cross claimants’ noncompliance with CPLR 214-d. The only real question is whether this dismissal is without prejudice or with prejudice. The language of the statute is silent on that point. According to the March 23, 2000 letter from John Perticone, Esq., defendant Stetson and defendant Corning School entered in a stipulated agreement whereby defendant Corning School agreed to dismiss the cross claim against defendant Stetson, and the dismissal was without prejudice.
The court declines to rule on the merit of plaintiff recommencing an action against defendant Stetson under CPLR 205. Such a ruling would be premature.
Now, therefore, after consideration has been given to all pleadings and proceedings heretofore had herein, and after due *538 deliberation, it is hereby ordered, adjudged, and decreed that summary judgment be, and hereby is, granted in favor of the defendant, Stetson-Dale, also known as Stetson-Dale Harza, dismissing the plaintiffs complaint against this defendant, without costs, and it is further ordered, adjudged, and decreed that summary judgment be granted in favor of the defendant, Stetson-Dale, also known as Stetson-Dale Harza, dismissing all cross claims against this defendant, without costs.