Jonathan **HAKALA**, Plaintiff,

v.

**J.P. MORGAN SECURITIES, INC.,** Defendant.

No. 04 Civ.2877(LAK).

United States District Court, S.D. New York.

Feb. 14, 2005.

---

Jonathan Hakala, Plaintiff pro se.

Michael Delikat, Robert S. Whitman, Orrick, Herrington & Sutcliffe LLP, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Defendant moves to dismiss plaintiff's petition to confirm in part and vacate or modify in part an arbitration award on the ground that it was filed one day after the expiration of the ninety day limitations period of N.Y. CPLR § 7511(a).

### Facts

Plaintiff and defendant were parties to an arbitration conducted by the National Association of Securities Dealers in 2003. On December 16 of that year, the panel ruled in plaintiff's favor, awarding him $795,000 plus interest. The award was mailed to plaintiff on December 19 and received by him on December 24, 2004.

On March 23, 2004, exactly ninety days later, plaintiff mailed a motion to vacate part and confirm part of the award to the Court's Pro Se Office, which received the papers on March 24, 2004. Although the papers were not actually filed until later, all agree that the papers are deemed to have been filed on March 24, 2004. But few things are as simple as they first appear, and this is no exception.

In a variety of unsworn submissions, plaintiff claims that he actually tried to file on March 23, 2004. The Court's Pro Se Office, he says, then told him that he could not pay the filing fee with a personal check, that he was obliged to serve the complaint and provide proof of service before the Office would accept the case for filing, and that plaintiff "could save himself an extra trip to the Pro Se Office by mailing his complaint instead."[1]

---

1. *Id.* at 9–10.

In a report and recommendation dated December 9, 2004, Magistrate Judge Francis recommended that the motion to dismiss be granted with respect to the application to vacate the award in part the action was commenced on March 24, 2004 and therefore was untimely.

## Discussion

Plaintiff's claim to vacate part of the award accrued on December 24, 2003, when plaintiff received it. Under CPLR § 7511(a), the last day for commencing an action for that relief was ninety days later, or March 23, 2004, as indeed plaintiff recognized in the first of the many papers he filed in this Court and as Magistrate Judge Francis concluded. Nevertheless, plaintiff claims that the circumstances of his unsuccessful attempt to commence the action on March 23, 2004 resulted in the tolling of the statute for the additional day.

New York is not especially hospitable to failures to sue within the periods prescribed by law. Section 201 of the CPLR provides in relevant part that "[a]n action ... must be commenced within the time specified in this article ... [and][n]o court shall extend the time limited by law for the commencement of an action."[2] Nevertheless, "there are a handful of statutory provisions and a few case law doctrines that can, and do."[3] Plaintiff seeks to bring himself within a number of them.

■ First, plaintiff argues that his failure to file on March 23, 2004 was a result of excusable neglect, relying on *Pioneer Investment Services Co. v. Brunswick Associates L.P.*[4] The Court there held that an attorney's inadvertent failure to file a proof of claim within a period set by the court could constitute "excusable neglect" and thus permit the court to extend the time under Bankruptcy Rule 9006. The case, however, is inapposite. Bankruptcy Rule 9006 specifically contemplates extensions of court-made and certain other time periods, but nothing in the CPLR permits extensions of statutes of limitation for excusable failures to comply with them.

■ Plaintiff next contends that the belated filing of the action should be excused because plaintiff is proceeding *pro se*. To be sure, *pro se* litigants are, and should be, afforded a good deal of leniency, especially with regard to compliance with procedural requirements. But plaintiff has cited no authority for the proposition that a plaintiff's *pro se* status may excuse even a failure to file within the prescriptive period, even if the filing is only slightly late. CPLR 201 suggests the contrary, and reason supports that view. Statutes of limitation are designed to protect defendants from suits that the Legislature has deemed stale. Their interests in repose do not depend upon whether the plaintiff is represented by counsel. Accordingly, "when it is the statute of limitations that bars pleading, relief in the time to plead must come from the application of the principle of estoppel and not from excuse of law office failure under CPLR"[5] or ignorance on the part of litigants unrepresented by counsel.

■ Third, plaintiff seeks to avail himself of the doctrine of equitable tolling,

2. N.Y. CPLR § 201.

CPLR § 2004, which permits courts to extend various time periods, does not permit extension of statutes of limitations. *E.g., Lennox v. Rhodes,* 39 A.D.2d 801, 802, 332 N.Y.S.2d 268 (3d Dept.1972); *Alvarez v. Thrifty Rent–A–Car System, Inc.,* 165 M.2d 979, 983 & n. 6, 630 N.Y.S.2d 912, 914 (Sup.Ct.N.Y.Co.1995).

3. DAVID A. SIEGEL, NEW YORK PRACTICE § 50, at 66 (3d ed.1999).

4. 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

5. *Peterson v. Long,* 136 Misc.2d 725, 729 519 N.Y.S.2d 201, 204 (Sup.Ct. Cattaraugas Co.1987).

which in New York parlance typically is referred to as equitable estoppel. But this argument is without merit. As Judge Keenan has noted, the theory of equitable estoppel is "to prevent misconduct on the part of a defendant that makes it unfair for such defendant to hide behind the defense and employ it as a weapon to defeat a legitimate cause of action. The rule is founded on the familiar maxim that no man should be permitted to profit from his own wrong." [6] Here, plaintiff suggests no misconduct on the part of the defendant that would make it inequitable for the defendant to assert the bar of the statute.

 Plaintiff's final argument,[7] assuming the accuracy of his factual assertions, may be more substantial. If, as he claims, the Pro Se Office refused to accept the complaint for filing on March 23, 2004 because it had not yet been served,[8] then the untimely filing would have been a product of patently erroneous instructions by a member of the Court's staff.[9]

In *Soto v. Freda*,[10] a New York *nisi prius* court held that an action that was commenced one business day after the expiration of the statute of limitations would be deemed commenced on the previous business day where the plaintiff tendered the summons and complaint for filing on the earlier day, but the papers were rejected by the County Clerk because they were not accompanied by a cover sheet, the filing of which was not required by statute. Accordingly, if *Soto* reflects the law of New York, and if plaintiff can establish his factual assertions, his application to vacate or modify may be timely. But it is important at this juncture to focus on this Court's role in applying New York law.

This Court would be obliged to follow a controlling decision of the New York Court

6. *Shepherd Agency, Inc. v. Comstar Telecomm., Inc.*, No. 88 Civ.6894(JFK), 1990 WL 6552, at *4 (S.D.N.Y. Jan. 22, 1990) (quoting *Peterson*, 136 Misc.2d at 728, 519 N.Y.S.2d at 203 (internal quotation marks omitted)). *Accord, Simcuski v. Saeli*, 44 N.Y.2d 442, 448–49, 406 N.Y.S.2d 259, 262, 377 N.E.2d 713 (1978).

7. Plaintiff belatedly argues that the matter is governed by Section 12 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 12, and that the application is timely thereunder. Section 12, however, requires only that a motion to vacate an award by "served upon the adverse party or his attorney within three months after the award is filed or delivered." It does not address filing. In consequence, the Court "borrows" the most nearly analagous state statute of limitations. *See Burns Int'l Security Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am., and Its Local 537*, 47 F.3d 14, 16 (2d Cir.1995) (borrowing state statute of limitations on motion to vacate labor arbitration award). That is CPLR § 7511(a).

8. This seems unlikely. In order to effect service, a plaintiff must serve "[a] summons ... together with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). The summons is issued

"[u]pon or after filing the complaint ..." *Id.* 4(b). Filing therefore is a prerequisite to service and not *vice versa*.

9. Plaintiff now claims also that the Pro Se Office "specifically led [him] to believe that by doing so [i.e., mailing the papers to the Court] he would immediately satisfy the statutory prerequisites to suit." Pl. Mem., Dec. 17, 2004, at 1. The Court declines to credit this unsworn assertion in light of the fact that it is a new version of the story, first advanced well after the timeliness of the filing became an issue. In earlier papers, plaintiff claimed in this regard that he was told only that he "could save himself an extra trip to the Pro Se Office by mailing his complaint instead." Docket item 16, at 9–10. Thus, plaintiff's position appears to have undergone "an evolutionary development ... that falls under the heading of bad faith." *Lee v. Regal Cruises, Ltd.*, 916 F.Supp. 300, 304 (S.D.N.Y.1996), *aff'd*, 116 F.3d 465, 1997 WL 311780 (2d Cir.1997) (table).

10. 196 Misc.2d 623, 766 N.Y.S.2d 299 (Sup. Ct.N.Y.Co.2003).

of Appeals. But, as all concede, there is no such decision on the point here at issue. Indeed, as far as the Court can determine, no Appellate Division has yet spoken to the issue. Accordingly, the Court is obliged "carefully to predict how the highest court ... would resolve the uncertainty or ambiguity." [11]

It is not entirely clear that the New York Court of Appeals would adopt the conclusion reached in *Soto*. Favoring plaintiff, should he establish his version of the facts, would be the inequity of allowing him to lose his claim as a result of misinformation from a court employee. On the other hand, several factors cut the other way. The defendant's interest in repose is no different where the lateness of a filing is the fault of a court employee than it is where the blame lies with the plaintiff. Nor may it be overlooked that plaintiff contributed to the problem by waiting until the last day before attempting to file. Finally, it at least is arguable that *Soto* fails to give effect to CPLR 201's prohibition on judicial extensions of limitations periods. But these matters need be addressed only if plaintiff can prove that his failure to file within the prescribed period was a product of misinformation from the Pro Se Office. That remains to be seen.

### Conclusion

Insofar as plaintiff seeks an order confirming part of the award, the application is timely.[12] Insofar as plaintiff seeks an order vacating or modifying part of the award, a hearing is necessary in order to determine timeliness. Accordingly, the motion to dismiss is denied. The Court will conduct an evidentiary hearing on March 18, 2005 at 2 p.m. in Courtroom 12D. The denial, insofar as defendant seeks dismissal of the application to vacate or modify part of the award, is without

prejudice to renewal at the conclusion of the hearing.

SO ORDERED.

---

**11.** *Travelers Insurance Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir.1994).

**12.** Defendant now concedes as much.