C.L. v County of Oneida (2024 NY Slip Op 24149)

[*1]

C.L. v County of Oneida

2024 NY Slip Op 24149

Decided on May 17, 2024

Supreme Court, Oneida County

Clark, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 17, 2024
Supreme Court, Oneida County

C.L., Plaintiff,

against
County of Oneida, ONEIDA COUNTY SHERIFF'S DEPARTMENT, 
 AND ONEIDA COUNTY CORRECTIONAL FACILITY, Defendants.

Index No. EFCA2023-003270

Margaret E. Cordner, Esq.
Marc J. Bern & Partners, LLP
Attorney for Plaintiff
One Grand Central Place
60 East 42nd Street, Suite 950
New York, New York 10165
(212) 702-5000
Edward J. Smith, III, Esq.
Joseph A. Gaetano, Esq.
Smith, Sovik, Kendrick & Sugnet, P.C.
Attorneys for Defendants
205 South Clinton Street, Suite 600
Syracuse, New York 13202
(315) 474-2911

Bernadette T. Clark, J.

Plaintiff C.L. commenced this action against defendants County of Oneida, Oneida [*2]County Sheriff's Department (hereinafter, "OCSD"), and Oneida County Correctional Facility (hereinafter "OCCF") by summons and complaint dated and filed December 20, 2023. In her complaint, plaintiff alleges that between September 13, 2011 and July 25, 2012, while she was incarcerated as an inmate at OCCF, employees of that facility subjected her to repeated acts of rape and sexual abuse. In her complaint, plaintiff asserts causes of action for negligence, negligent hiring, negligent training, negligent retention, negligent supervision, gross negligence/willful misconduct, cruel and unusual punishment, and violations of the New York State Human Rights Law. Plaintiff purports to have brought this suit under the Adult Survivors Act ("ASA"), codified at CPLR 214-j, which provided a one-year revival period for plaintiffs to sue on otherwise time-barred civil claims arising out of sexual offenses committed against adults.
Prior to bringing the instant action in supreme court, plaintiff previously had filed suit on November 22, 2023 under the same alleged facts in the Court of Claims, but she had named as defendants the State of New York, the New York State Department of Corrections and Community Supervision (DOCCS), and OCCF. Oneida County was not named as a defendant in the Court of Claims action, and although plaintiff did include OCCF as a named defendant, she alleged in that action that OCCF was owned and operated by the State, not the County.
On December 14, 2023, Edward J. Smith, III, Esq., who had been retained by Oneida County in connection with the Court of Claims action, called Margaret E. Cordner, Esq., plaintiff's counsel, to advise her of her errors in filing the case in the Court of Claims and in describing OCCF as a state-owned facility. Attorney Smith followed up this telephone call with an email the same day that read, in relevant part, as follows:
"this email will confirm our conversation this morning in connection with the Court of Claims action identified in the caption above. As I explained today, I have been retained by Oneida County Correctional Facility improperly named as a defendant in the Court of Claims action. The Oneida County Correctional Facility is a County, not State-owned, entity so there is no jurisdiction over the County as a defendant in the Court of Claims. You acknowledged that you are now aware of the error and your office is in the process of filing a new action in Oneida County Supreme Court, likely today. I do not have authority to accept service of the new Complaint but would appreciate it if you would send me a courtesy copy after it is filed. You also agreed that no appearance is required by the County in the State Court action based on the jurisdictional defect."
Per the attorneys' representations at oral argument, the State of New York has filed a motion to dismiss the corresponding Court of Claims action and that action remains pending.
Pending Motions and Procedural History
In lieu of an answer, defendants have interposed a pre-answer motion to dismiss on statute of limitations grounds pursuant to CPLR 3211 (a) (5). The papers defendants have submitted on this motion include the notice of motion; the attorney affirmation of Edward J. Smith, III, Esq.; the exhibits attached to that affirmation; and the memorandum of law of attorney Smith (see NYSCEF Doc. Nos. 5-13). Defendants' motion argues that all of plaintiff's causes of action are subject to three-year statutes of limitations that would have expired in 2015 and that plaintiff cannot avail herself of the one-year revival window under CPLR 214-j (the ASA) because that window closed on November 24, 2023, several weeks prior to plaintiff filing [*3]the instant suit. Although defendants acknowledge that plaintiff's Court of Claims action was timely filed under the ASA, defendants assert that there is no authority to provide that such a timely filing in the improper venue would toll the revival window period relative to the current action.
In opposition, plaintiff has offered the attorney affirmation of Margaret E. Cordner, Esq.; the exhibits attached to that affirmation; and the memorandum of law of attorney Cordner (see NYSCEF Doc. Nos. 15-22). Plaintiff argues that she gets the benefit of CPLR 203's "relation back doctrine." On this point, plaintiff contends that she timely filed in the Court of Claims, that the current action arises from the same conduct she alleged in the timely Court of Claims action, that the current defendants are "united in interest" with the defendants named in the timely Court of Claims action, and that Oneida County knew that but for counsel's mistake, it would have been named as a defendant in the initial case.
In reply, defendants have offered an affirmation and a memorandum of law from attorney Smith (see NYSCEF Doc. Nos. 23-24). Defendants assert that plaintiff cannot rely upon relation back to salvage her current, untimely claim because the Court of Claims suit to which she is trying to relate back is jurisdictionally defective. On that score, defendants note that plaintiff's Court of Claims action "amounts to a nullity because the Court of Claims has no jurisdiction over Oneida County," and that therefore, there is no valid preexisting action to which plaintiff can relate back.
The court heard oral argument on defendants' motion to dismiss on March 13, 2024. At argument, counsel for plaintiff emphasized that despite her initially filing suit in the wrong venue, the County received timely notice of her lawsuit and the facts upon which it was based insofar as OCCF was a named defendant in that case. Counsel also urged this Court not to prejudice her client by dismissing this case as untimely due to an error on counsel's part. Counsel for defendants argued that neither notice nor sympathy to the plaintiff are relevant considerations under these circumstances, and otherwise reiterated the arguments made in defendants' papers. The Court reserved decision and granted a period of one week within which counsel could submit additional case law or authorities in support of their respective positions.
On March 20, 2024, counsel for plaintiff filed a letter submission with additional case law in opposition to the motion to dismiss. Specifically, plaintiff's counsel raised additional authorities regarding relation back, the applicability of CPLR 2001 (mistake, omission, defect, or other irregularity), and equitable tolling. In her letter, counsel for plaintiff requested the opportunity for "supplemental briefing." This court granted that request in a Court Notice dated March 21, 2024, stating that plaintiff had until March 29, 2024 "to submit a memorandum of law outlining any additional authorities she wishes the Court to consider in support of her position," and that defendants then would have one week to respond thereto (NYSCEF Doc. No. 25).
On March 29, 2024, counsel for plaintiff, rather than filing a memorandum of law as this Court authorized, filed a cross motion seeking (1) an extension of plaintiff's time to appear or plead pursuant to CPLR 3012 (d); and (2) an extension of plaintiff's time for filing her summons and complaint nunc pro tunc pursuant to CPLR 2001, 2004, and 2005. The documents plaintiff filed on the cross motion include a notice of cross motion, an affirmation from attorney Cordner and the exhibits attached thereto; and a memorandum of law from attorney Cordner (see NYSCEF Doc. Nos. 27-34). In addition to raising new arguments, plaintiff's cross motion supplemented her arguments in opposition to defendants' motion. Specifically, plaintiff further addressed her relation back argument, argued that her Court of Claims case was not [*4]jurisdictionally defective, fleshed out her equitable tolling argument, and asserted that her mistake could be cured pursuant to CPLR 2001. The cross motion was made returnable May 15, 2024.
On April 5, 2024, in response to a letter from counsel for defendants, this Court issued a "so ordered" letter and corresponding Court Notice stating that defendants could address plaintiff's supplemental briefing and cross motion in a single filing, to be submitted consistent with CPLR deadlines relative to the May 15, 2024 return date for plaintiff's cross motion (see NYSCEF Doc. Nos. 35-36). In opposition to plaintiff's supplemental briefing and cross motion, defendants offered an affirmation and a memorandum of law from attorney Smith (see NYSCEF Doc. Nos. 38-39). Defendants argue that the cross motion is untimely and that even if plaintiff's cross motion is considered, the provisions she cites cannot be applied in a manner that effectively extends a statute of limitations. In further support of their original motion, defendants reiterate that plaintiff cannot avail herself of relation back insofar as her prior Court of Claims action was jurisdictionally defective and note that the federal doctrine of equitable tolling is not applicable in the context of this state court action.
The Court heard oral argument from counsel on both outstanding motions on May 15, 2024, at which time this Court reserved decision.

 Analysis

Defendants' Motion to Dismiss
When a motion to dismiss is brought on statute of limitations grounds under CPLR 3211 (a) (5), the defendant has "'the initial burden of establishing prima facie that the time in which to sue has expired'" (Larkin v Rochester Hous. Auth., 81 AD3d 1354, 1355 [4th Dept 2011], quoting Savarese v Shatz, 273 AD2d 219, 220 [2d Dept 2000]). Once a defendant makes such a showing, the burden shifts to the plaintiff "to aver evidentiary facts establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (Rider v Rainbow Mobile Home Park, LLP, 192 AD3d 1561, 1562 [4th Dept 2023]).
Plaintiff's causes of action for negligence, negligent hiring, negligent training, negligent supervision, and negligent retention are subject to three-year statutes of limitations (see CPLR 214 [5] [negligence]; McCarthy v Mario Enters., Inc., 163 AD3d 1135, 1137 [3d Dept 2018] [negligent hiring, negligent supervision, and negligent retention]; Smith v Conway Stores, Inc., 131 AD3d 1040, 1040 [2d Dept 2015] [negligent training and negligent supervision]). The same is true of her claims for gross negligence and willful misconduct (see Pecoraro v M&T Bank Corp., 11 AD3d 950, 952 [4th Dept 2004]), the alleged violations of the Human Rights Law (see CPLR 214 [2]; Henderson v Town of Van Buren, 15 AD3d 980, 981 [4th Dept 2005]), and the cruel and unusual punishment claim (see Brown v State of New York, 250 AD2d 314, 318 [3d Dept 1998]). Thus, as defendants correctly note, all of plaintiff's causes of action would, as a general matter, be subject to three-year statutes of limitations.
The ASA, however, which is codified at CPLR 214-j, opened a one-year revival window for otherwise time-barred civil actions premised upon the sexual assault of an adult. It provides:
"every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such person who [*5]was eighteen years of age or older, . . . which is barred as of the effective date of this section because the applicable period of limitation has expired . . . is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than one year and six months after the effective date of this section" (CPLR 214-j).
Because this statute became effective on May 24, 2022, the one-year revival window it opened ran from November 24, 2022 to November 24, 2023 (see Carroll v Trump, 650 F Supp 3d 213, 218 [SD NY 2023]). The ASA is the adult version of a similar revival statute, the Child Victims Act (CVA) (see CPLR 214-g), which was enacted in 2019 and extended in 2020.
Laws enacted to revive causes of action are considered "extreme examples of legislative power" and accordingly, "are narrowly construed" (S.H. v Diocese of Brooklyn, 205 AD3d 180, 188 [2d Dept 2022] [internal quotation marks and citations omitted] [considering the reach of the comparable CVA]; see Jones v Cattaraugus-Little Valley Sch. Dist., 2022 WL 2124608 [WD NY 2022] [rigidly applying the CVA to find that a suit filed prior to the opening of the revival window was time-barred]). Revival laws should be applied rigidly and not read beyond their "express provision[s]" (S.H., 205 AD3d at 188). Applying such laws rigidly is consistent with the fact that such laws "upset[] the strong public policy favoring finality, predictability, fairness and repose served by statutes of limitations" (Matter of Regina Metro. Co., LLC v NYS Div. of Hous. & Community Renewal, 35 NY3d 332, 372 [2020]).
The factual circumstances pertinent to resolution of defendants' motion are undisputed. Plaintiff timely filed suit within the ASA's revival window in the Court of Claims but named the wrong defendants—and thus chose the wrong venue—due to a misunderstanding by plaintiff's counsel about whether OCCF was a state-run or county-run facility.[FN1]
Despite not directly being named as a defendant in the timely Court of Claims action, Oneida County (as the owner/operator of OCCF) was aware of the suit and retained counsel, who then alerted plaintiff's counsel to her error on December 14, 2023. At that point, plaintiff's time to file in Supreme Court, Oneida County under the one-year ASA revival window had expired. Six days after learning of her mistake, counsel for plaintiff filed this action in supreme court, naming the current defendants.
Because plaintiff's causes of action were subject to three-year statutes of limitations and because plaintiff's claims pertain to conduct that occurred between September 2011 and July 2012, the timeliness of plaintiff's suit turns upon whether she can avail herself of the ASA's one-year revival window. Here, however, plaintiff's current suit was filed on December 20, 2023, nearly a month after the one-year ASA revival window closed on November 24, 2023. At oral argument before this Court on March 13, 2024, counsel for plaintiff agreed that her filing of the instant suit occurred after the one-year ASA revival window expired, and further agreed that statute of limitations revival statutes must be narrowly construed.
Defendants have shown that plaintiff's current suit was untimely under the ASA, a statute that must be narrowly construed and rigidly interpreted (see Regina Metro, 35 NY3d at 372; [*6]S.H., 205 AD3d at 188). Notably, Jones, a CVA case cited above and raised by defendants, rejected the notion that an "attorney error" can be a basis upon which to avoid strictly applying a revival window for statute of limitations purposes (see 2022 WL 2124608 at *5-*6). In light of these considerations, defendants have satisfied their initial CPLR 3211 (a) (5) burden of showing that "the time in which to sue has expired" (Larkin, 81 AD3d at 1355).
The burden therefore shifts to plaintiff "to aver evidentiary facts establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (Rider, 192 AD3d at 1562). Plaintiff has attempted to defeat defendants' showing by making arguments related to relation back, equitable tolling, and the application of CPLR 2001, 2004, 2005, and 3012 (d). Unless plaintiff is correct that one of these theories is applicable, her suit is untimely and must be dismissed.

 Timeliness of Plaintiff's Cross Motion
Plaintiff's cross motion, which seeks an extension of time to appear or plead pursuant to CPLR 3012 (d) and an extension of time for filing her summons and complaint nunc pro tunc pursuant to CPLR 2001, 2004, and 2005, was not timely filed. Defendants' motion, which was returnable March 13, 2024, contained a CPLR 2214 (b) seven-day demand. Accordingly, pursuant to CPLR 2214 (b) and CPLR 2215, plaintiff's cross motion needed to be served on or before March 6, 2024 to be timely. Here, plaintiff did not file and serve her cross motion until March 29, 2024, so it was plainly late. Although this Court gave permission to plaintiff "to submit a memorandum of law outlining any additional authorities . . . in support of her position" (NYSCEF Doc. No. 25), that was in reference to plaintiff's opposition to the only motion then pending before this Court, namely defendants' motion to dismiss. This Court in no way authorized plaintiff to file a cross motion that was not timely under the CPLR.
Under these circumstances, this Court would be within its discretion to decline to consider the arguments plaintiff raised for the first time in her untimely cross motion (see Matter of the Estate of Briger, 95 AD2d 887, 888 [3d Dept 1983] ["the court's unwillingness to hear the supposed cross motion was fully justified" due to, among other things, the fact that the cross motion was "untimely served"]). Nevertheless, in the interest of thoroughness and out of an abundance of caution, and because defendants have fully responded to plaintiff's newly-raised arguments, this Court will consider such arguments here.

Plaintiff's Arguments Against Dismissal
1. Relation Back
Plaintiff's primary argument in attempting to meet her responsive burden is that she gets the benefit of relation back under CPLR 203 (f). More specifically, plaintiff asserts that her current, untimely action here in supreme court can relate back to her timely Court of Claims action for statute of limitations purposes, and that she meets the three-part relation back test discussed below, as set forth by the Court of Appeals. The Court concludes that plaintiff cannot avail herself of the relation back doctrine under these circumstances.
CPLR 203 (f) confers a benefit known as "relation back." It provides that a "claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the [*7]transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." The relation back doctrine:
"enables a plaintiff to correct a pleading error—by adding either a new claim or a new party—after the statutory limitations period has expired. The doctrine thus gives courts the sound judicial discretion to identify cases that justify relaxation of limitations strictures to facilitate decisions on the merits if the correction will not cause undue prejudice to the plaintiff's adversary" (Buran v Coupal, 87 NY2d 173, 177-178 [1995] [internal citations and quotation marks omitted]).
"The sine qua non of the relation back doctrine is notice" (Pendleton v City of New York, 44 AD3d 733, 736 [2d Dept 2007]), and such "notice must be contained in the original pleading" (New York Cent. Ins. Co. v Berdar Equities Co., 33 Misc 3d 1214[A] at *4 [Sup Ct, NY County 2011]).
The Court of Appeals has adopted a three-part test for applying the relation back doctrine to add or change defendants:
"'(1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well'" (Buran, 87 NY2d at 178, quoting Brock v Bua, 83 AD2d 61, 69 [2d Dept 1981]).
The Court, however, has relaxed the third prong of this test to recognize that that the mistake made by the plaintiff need not be "excusable" (see id. at 179).
The relation back doctrine can be applied even across separate actions, rather than just across amended complaints within the same action (see Buran, 87 NY2d 173 [later trespass action against wife could relate back to earlier trespass action against husband arising out of same alleged conduct]; Dort v Aylmer, 176 Misc 2d 620 [Sup Ct, Sullivan County 1998] [plaintiff could use relation back relative to two separate tort actions arising from same slip-and-fall incident]). As Berdar noted, "courts have applied" this doctrine even "in cases involving two separate actions, where the unity of interest element is satisfied" (33 Misc 3d 1214[A] at *5-*6).
The relation back doctrine is inapplicable, however, where the prior action to which the plaintiff wishes to relate back was invalid or jurisdictionally defective (see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 84, 90 [2019] ["CPLR 203 (f) applies only in those cases where a valid preexisting action has been filed"]; George v Mt. Sinai Hosp., 47 NY2d 170, 179 [1979] [the relation back doctrine must be premised upon a "valid pre-existing action"]; Matter of Dougherty v County of Greene, 161 AD3d 1253, 1256 [3d Dept 2018] [where the plaintiff's earlier suit involved "a nonwaivable jurisdictional defect," that earlier suit was a "nullity" and the plaintiff's later suit could not relate back to it]). As plaintiff's counsel conceded at the second oral argument on May 15, 2024, this case law means that plaintiff needs a valid prior action in order to avail herself of the relation back doctrine.
The jurisdiction of the Court of Claims is governed by article VI, § 9 of the New York Constitution and Court of Claims Act § 9. For tort matters, the Court of Claims' jurisdiction is limited to actions against the State and certain specified public authorities (see NY Const, art VI, [*8]§ 9; Court of Claims Act § 9 [2]; Erie Blvd. Hydropower, LLP v State of New York, 90 AD3d 1292, 1293 [3d Dept 2011]; Mooraty v State, 73 Misc 3d 1238[A] at *2 [Ct Cl 2021]). Given this limited jurisdiction, the Court of Claims lacks jurisdiction to hear suits against counties, county agencies, and county employees (Mooraty, 73 Misc 3d 1238[A] at *2).
Ultimately, this Court agrees with defendants that the Court cannot even reach the three-part relation back analysis because plaintiff does not have a jurisdictionally valid preexisting action to which she can relate back. The only defendant plaintiff sued in the Court of Claims to which she argues relation back applies is OCCF, but the Court of Claims never had jurisdiction over OCCF insofar as it is a county entity, not a state entity (see Erie Blvd. Hydropower, 90 AD3d at 1293 [the "jurisdiction of the Court of Claims is limited to claims against the State or where the State is the real party in interest"]; Mooraty, 73 Misc 3d 1238[A] at *2 [the Court of Claims lacks jurisdiction over counties, their agencies, and their employees]). Under these circumstances, plaintiff's Court of Claims action against OCCF suffered from "a nonwaivable jurisdictional defect" that rendered that action a legal "nullity" (Dougherty, 161 AD3d at 1256).[FN2]
Accordingly, plaintiff's current, untimely action cannot relate back to her earlier Court of Claims action, which was jurisdictionally defective (see id.; see also George, 47 NY2d at 179 [relation back requires a "valid pre-existing action"]). In short, plaintiff cannot tether her current action, for statute of limitations purposes, to an action over which there was never jurisdiction in the first place.
The Court's research has turned up only one case arising under the circumstances present here; that is, one case in which the plaintiff brought separate actions in both the Court of Claims and supreme court, then sought to apply the relation back doctrine to avoid a statute of limitations dismissal in the supreme court action (see Cardamone v Ricotta, 47 AD3d 659 [2d Dept 2008]). In Cardamone, the plaintiff timely brought a medical malpractice action against a state hospital in the Court of Claims, then brought a related, untimely suit against the individual doctors in Supreme Court, Nassau County. Ultimately, the Second Department found that the plaintiff did not satisfy the three-part relation back test (id. at 660-661). Although the Court in Cardamone reached the three-part test, that case is distinguishable from the current situation because in Cardamone, the plaintiff properly sued a State entity, and thus had a jurisdictionally valid action, in the Court of Claims. Here, by contrast, plaintiff attempted to sue a county entity in the Court of Claims, which was a jurisdictionally flawed exercise, and to the extent plaintiff also named State defendants in her Court of Claims action, that was due to a now-conceded factual error (see supra n 2). Given the key factual distinctions between the cases relative to Court of Claims jurisdiction, Cardamone does not require this Court to reach the three-part test [*9]relation back test here.
Plaintiff cites Doe v Camp Gan Israel (2022 WL 16699232 [Sup Ct, Kings County 2022]) as an example of the relation-back doctrine being applied under the CVA (an analogous statute) to grant a plaintiff leave to add a new defendant after the revival window had closed. Although the court in Doe indeed found the three-part relation back test satisfied, the case is distinguishable from these circumstances because in that case, the motion to amend was brought within the same action, which had been timely filed; there, the issue was that a new defendant was going to be added, after the revival window had closed, to an otherwise timely action. Here, by contrast, plaintiff is not seeking to amend her complaint to add a new defendant to a timely-filed action. Instead, plaintiff is attempting to salvage her current, untimely action in supreme court by relating it back to her prior timely, but jurisdictionally defective action in the Court of Claims. Factually, Doe simply does not align with the circumstances of plaintiff's case.
The Court is sympathetic to the arguments of plaintiff's counsel that plaintiff should not be prejudiced by and denied her opportunity to have her claims heard because of an error by her attorney. Unfortunately for plaintiff, however, prejudice to her is not a consideration under the relation back doctrine and its related case law. The law is clear that the one-year revival window under the ASA must be applied strictly, and that relation back is not an available avenue when the prior, timely-filed case is jurisdictionally defective. Moreover, a "limitations period may not be extended on the ground of alleged misconduct or negligence on the part of [plaintiff's] attorney in failing to timely file" (Matter of Harmond v New York State Off. of Children and Family Servs., 71 AD3d 768, 768 [2d Dept 2010]).
Similarly, the Court notes that while there is merit to plaintiff's "notice" argument—that is, the argument that the County was aware of the timely Court of Claims action before plaintiff filed this action—that fact is beside the point. Even though notice is the primary consideration for relation back purposes (see Pendleton, 44 AD3d at 736) and is part of the second prong of the relation back test (see Buran, 87 NY2d at 178), the mechanism of relation back is not available here due to the nonwaivable jurisdictional flaws inherent in plaintiff's Court of Claims case. Put differently, even if plaintiff's arguments under the three prongs of the relation back test have merit, this Court cannot consider them because that test simply does not apply under these circumstances.
2. Equitable Tolling / Equitable Estoppel
Contrary to plaintiff's argument, the federal doctrine of "equitable tolling" does not apply here. Although New York courts have discussed this doctrine, cases consistently note that it generally applies only "to federal causes of action" raised in state court (Shared Communications Servs. of ESR, Inc. v Goldman, Sachs & Co., 38 AD3d 325, 325 [1st Dept 2007]). In other words, "the doctrine of equitable tolling is not available in state causes of action in New York" (Jang Ho Chi v Beautri Realty Corp., 135 AD3d 451, 452 [1st Dept 2016]; see Giordano v College of Staten Is., 32 Misc 3d 1221[A] at *2 [Sup Ct, Richmond County 2011] [there "is no recognized applicable doctrine" in New York related to equitable tolling]). Here, plaintiff has asserted only state causes of action, so the doctrine of equitable tolling is not applicable.
In cases like this one, where the plaintiff's complaint asserts "state causes of action, not federal ones," then "the applicable doctrine is equitable estoppel," not equitable tolling (Raphael v Vintage Grape & Grog, Ltd., 187 AD3d 672, 672 [1st Dept 2020] [emphasis added]; see Ari v Cohen, 107 AD3d 516, 517 [1st Dept 2013]). "Under this doctrine, a defendant is estopped from [*10]pleading a statute of limitations defense if the 'plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action'" (Ross v Louise Wise Servs., Inc., 8 NY3d 478, 491 [2007], quoting Simcuski v Saeli, 44 NY2d 442, 449 [1978]; see Zumpano v Quinn, 6 NY3d 666, 674-675 [2006]; General Stencils, Inc. v Chiappa, 18 NY2d 125, 128 [1966]).
Here, however, plaintiff has not alleged that her counsel's erroneous filing in the Court of Claims and the resulting late filing in this Court were caused by any misrepresentations, fraud, deception, or other wrongdoing by defendants. Thus, even if this Court were to construe plaintiff's "equitable tolling" arguments as "equitable estoppel" arguments, defendants are not estopped from attempting to dismiss this case on statute of limitations grounds.
3. CPLR 2001
Plaintiff fares no better in arguing that her late filing is excusable under CPLR 2001. CPLR 2001 permits a court to correct "a mistake, omission, defect or irregularity . . . or other mistake in the filing process, . . . upon such terms as may be just," and permits a court to disregard such a mistake "if a substantial right of a party is not prejudiced." The Court of Appeals has stated that this statute "does not allow a trial judge to disregard" a party's failure to comply with a statute of limitations (Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 328 [2011]). In other words, "the failure to file the proper initiatory papers . . . with the proper clerk within the statute of limitations is a sin that even the amended CPLR 2001 cannot forgive" (Siegel and Connors, NY Prac § 63 [6th ed 2023]).
Moreover, CPLR 2001 must be read in conjunction with CPLR 201, which states that "[n]o court shall extend the time limited by law for the commencement of an action" (see Quinones v Neighborhood Youth & Family Servs., 71 AD3d 1106, 1106 [2d Dept 2010] [when an action is time-barred, a court lacks "authority to extend the plaintiff's time to serve the summons and complaint on the defendants"]). CPLR 2001 cannot be applied in a manner that "would effectively extend the statute of limitations" in violation of CPLR 201 (DeJoy v Ehmann, 114 AD3d 1288, 1289 [4th Dept 2014]; see also Kretschmann v Bd. of Educ. of Corning Painted Post Sch. Dist., 184 Misc 2d 535, 537 [Sup Ct, Steuben County 2000] [court declined to treat notice as timely nunc pro tunc under CPLR 2001 where doing so "would effectively nullify" the applicable statute of limitations provision]). Because application of CPLR 2001 under these circumstances would have such a prohibited impact, plaintiff cannot avail herself of that provision here.
To the extent that plaintiff asserts that CPLR 2001 can be applied here in the manner it was applied in Grskovic v Holmes (111 AD3d 234 [2d Dept 2013]), that argument is misplaced. In Grskovic, the plaintiff timely e-filed a summons and complaint in the correct court but did so in a "training" e-filing system rather than in the "live" e-filing system (see id. at 652-653). By the time plaintiff's attorney was alerted to this issue, the statute of limitations had expired (see id. at 653). Plaintiff thereafter moved pursuant to CPLR 2001 to have his summons and complaint deemed filed as of the date of the timely filing in the "training" system (see id.). The Second Department held that supreme court, under the circumstances, should have granted plaintiff's motion (see id. at 653, 656-657). It described plaintiff's error as one related to the method of filing—plaintiff had timely made a correct filing via an incorrect method—rather than one that constituted a failure to file of the sort deemed uncorrectable in Goldenberg (see id. at 656-657).
The current situation is not analogous to what occurred in Grskovic. Here, plaintiff's earlier filing was made in a different court, not in this Court; in Grskovic, by contrast, both [*11]filings were made within the same court. The instant case, therefore, raises an issue not contemplated by Grskovic, namely whether a correction under CPLR 2001 is permissible across courts. Moreover, unlike in Grskovic, this Court is presented with circumstances in which a plaintiff is attempting to tether a CPLR 2001 correction to a jurisdictionally defective prior filing. With no jurisdictionally valid prior filing upon which this Court can rely to treat the instant action as timely and with no timely suit having been brought in supreme court, the instant situation is more like Goldenberg than Grskovic. The jurisdictional invalidity of plaintiff's timely Court of Claims filing and the failure to timely file in this Court, in other words, renders the current situation more like the "complete failure to file" deemed uncorrectable in Goldenberg than like the excusable mistake in the method of filing deemed correctable under CPLR 2001 in Grskovic.
4. CPLR 2004
Next, plaintiff attempts to rely upon CPLR 2004, which provides: "Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown." Like CPLR 2001, however, this provision cannot be applied in a manner that would effectively extend a statute of limitations period, because doing so would run afoul of CPLR 201 (see Sengstacken v Zoning Bd. of Appeals of Town of Ramapo, 87 AD2d 651, 652 [2d Dept 1982] ["Although a court can extend the time for doing certain acts (CPLR 2004), it cannot extend the time limited by law for the commencement of an action (CPLR 201)"]; Lennox v Rhodes, 39 AD2d 801, 802 [3d Dept 1972] ["CPLR 2004 may not be invoked to extend the Statute of Limitations"]; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR 2004 [CPLR 2004's "Except where otherwise expressly prescribed by law" language means that CPLR 2004 must yield to CPLR 201]; see also DeJoy, 114 AD3d at 1289 [court "properly denied plaintiff's motion seeking permission to file the summons and complaint nunc pro tunc" because "granting such relief would effectively extend the statute of limitations, a result proscribed by CPLR 201"]; Kretschmann, 184 Misc 2d at 537 [court declined to treat notice as timely nunc pro tunc under CPLR 2004 where doing so "would effectively nullify" the applicable statute of limitations]).
If the Court were to grant plaintiff relief under CPLR 2004, it would effectively nullify the strict application of the one-year filing window under the ASA, which would be an impermissible outcome under CPLR 201. As a result, the Court is compelled to deny plaintiff such relief (see Sengstacken, 87 AD2d at 652; Lennox, 39 AD2d at 801; Kretschmann, 184 Misc 2d at 537).
5. CPLR 3012 (d) and CPLR 2005
For similar reasons, this Court denies plaintiff's request for an extension of time to appear or plead under CPLR 3012 (d). That provision states: "Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default." As plaintiff concedes in her cross motion, CPLR 3012 (d) cannot be applied to "authorize a judicial extension of the time to plead beyond the time prescribed by the Statute of Limitations" (Peterson v Long, 136 Misc 2d 725, 729 [Sup Ct, Cattaraugus County 1987]).
Although plaintiff's counsel argues that "law office failure" like what caused her initial [*12]misfiling in the Court of Claims in this case provides an adequate basis under CPLR 3012 (d) for overriding a strict application of the statute of limitations, case law says the opposite. Specifically, case law indicates that although CPLR 3012 (d) can allow relief from the statute of limitations based on estoppel (i.e., upon a showing of wrongdoing or fraud on the part of a defendant that caused the plaintiff to commence suit untimely), it cannot allow relief from the statute of limitations based on "law office failure" (see Peterson, 136 Misc 2d at 729 ["when it is the Statute of Limitations that bars pleading, relief in the time to plead must come from the application of the principle of estoppel and not from excuse of law office failure under CPLR 3012 (d)"]; cf. Hakala v J.P. Morgan Sec., Inc., 356 F Supp 2d 355, 357 [SD NY 2005] ["nothing in the CPLR permits extensions of statutes of limitation for excusable failures to comply with them"]). As discussed above, plaintiff has not established a basis for estopping defendants from relying upon a statute of limitations defense here. Thus, CPLR 3012 (d) does not apply.
Because plaintiff has not "satisif[ied] the requirements of" CPLR 3012 (d), she cannot avail herself of CPLR 2005. Even if a plaintiff "demonstrate[s] a reasonable excuse . . . based on law office failure," relief under CPLR 2005 is not available if the "action is barred by the statute of limitations" (Paporters v Campos, 122 AD3d 521, 522 [1st Dept 2014]).

Conclusion
The Court feels sympathy to plaintiff for the position in which this decision will leave her, and the Court is troubled by the serious nature of the allegations plaintiff makes in her complaint. As weighty as these considerations are, this Court is duty bound to follow the law and apply the statute of limitations where, as here, the exceptions and provisions upon which plaintiff relies are inapplicable (see Zumpano, 6 NY3d at 673 [statutes of limitations "cannot be deemed arbitrary or unreasonable solely on the basis of a harsh effect"]; Dioguardi, 5 AD3d at 430 [a court cannot "disregard the statute of limitations" on the basis that "the complaint alleges egregious misconduct by a defendant"]; Lennox, 39 AD2d at 802 [a desire to give a party its "day in court" is not an adequate basis upon which to override or extend a statute of limitations]).
Now, therefore, in accordance with the above, it is hereby
ORDERED that defendants' motion to dismiss is GRANTED; and it is further
ORDERED that plaintiff's cross motion is DENIED in its entirety; and it is further
ORDERED that plaintiff's complaint is dismissed with prejudice.
This shall constitute the Decision and Order of the Court. The original Decision and Order is returned to the attorney for defendants. All other papers are being delivered by the Court to the County Clerk for filing. The signing of this Decision and Order does not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that rule with respect to filing, entry, and notice of entry.
ENTER:
Dated: May 17, 2024
Utica, New York
Hon. Bernadette T. Clark, J.S.C.

Footnotes

Footnote 1:The error by plaintiff's counsel in this respect seems to have stemmed from the fact that there is a former state prison, which was run by the New York State Department of Corrections, called "Oneida Correctional Facility" in Rome, New York that was operational until its closure in 2011. The torts plaintiff alleges in this case occurred at OCCF, which is a county jail in Oriskany, New York.

Footnote 2:Although plaintiff's Court of Claims suit named the State and DOCCS as defendants, and although those are parties over whom the Court of Claims would have jurisdiction, there is no dispute that plaintiff's decision to name those parties as defendants in the Court of Claims was based entirely upon a factual error regarding the ownership of OCCF. In other words, plaintiff now acknowledges that the State defendants in her Court of Claims case, factually speaking, were improperly named. With that in mind, plaintiff cannot reasonably assert that the naming of State defendants in her Court of Claims action is enough to render that action valid for purposes of relation back. As this Court noted at the initial oral argument in this matter on March 13, 2024, the Court of Claims, given these circumstances, could dismiss plaintiff's case at any moment. When that occurs, there will be no action to which plaintiff can relate back.